GOLDYE HERNY and JOHN C. HERNY, Respondents, Appellants,
*v.* HERMAN FRANKFORT, Defendant, Impleaded with FRED
FRANKFORT, Appellant, and ROBERT S. SMITH CORP.,
Respondent.

Second Department, December 3, 1937.

*Samuel E. Swiggett,* for the defendant-appellant, Fred Frankfort.

*Joseph Katz,* for the. plaintiffs, respondents, appellants.

*H. H. Brown,* for the defendant-respondent.

Per Curiam. This action was brought by the plaintiff wife to recover damages for personal injuries sustained by reason of her falling upon a sidewalk made icy because of the freezing thereon of water dripping from melting snow which had accumulated on the roof ledge of a two-story store and office building of defendant Robert S. Smith Corp., in the corner store on the first floor of which building defendant Fred Frankfort and another were tenants. Her husband joined in the action, suing to recover for the loss of her services. Judgment was entered upon the verdict of a jury, (1) in favor of the plaintiff-wife and the husband respectively against defendant Fred Frankfort, and (2) dismissing the complaint as to defendant Robert S. Smith Corp. From the whole of that judgment defendant Fred Frankfort appeals; from so much thereof as dismisses the complaint as to Robert S. Smith Corp., plaintiffs appeal.

In our opinion (1) the plaintiffs failed to establish a cause of action against defendant-appellant Frankfort, and (2) the verdict against the plaintiffs-appellants and in favor of defendant-respondent Robert S. Smith Corp. was contrary to law and against the greater weight of the evidence. Defendant-appellant Frankfort was under a contract obligation, imposed by the lease, to keep the sidewalk clear of ice and snow, and was in effect required by municipal ordinance to remove the same within four hours after its deposit. Neither failure, if any, to perform such a contract obligation, nor failure, if any, to obey such an ordinance, created liability on his part to the plaintiffs. (*Root* v. *City of Saratoga Springs,* 218 App. Div. 237; *Potter* v. *New York, O. & W. R. Co.,* 233 id. 578, 583.) The duty of removing ice and snow from the streets and of keeping them in good repair rests upon the municipality (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 416); and disobedience of an ordinance does not give rise to a cause of action. (*City of Rochester* v. *Campbell, supra; Moore* v. *Gadsden,* 93 N. Y. 12; *Connolly* v. *Bursch,* 149 App. Div. 772; *Eldred* v. *Keenan,* 164 id. 63.) A question of fact as to the liability of the corporate defendant was presented. (*Venable* v. *Consolidated Dry Goods Co.,* 225 App. Div. 202; affd., 251 N. Y. 585.) From the greater weight of the evidence it was inferable that such defendant negligently suffered an obstruction, namely, the ice in question, to form on the sidewalk, by reason of such drippage, at the place where the plaintiff-wife fell.

The judgment, in so far as it is in favor of the plaintiffs and against defendant Fred Frankfort, should be reversed on the law, with costs, and complaint dismissed as to him, with costs. In so far as it dismisses the complaint as against defendant Robert S. Smith

Corp., the judgment should be reversed on the law and the facts and a new trial granted, with costs to plaintiffs-appellants to abide the event.

Present — HAGARTY, CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

In so far as it is in favor of plaintiffs and against defendant Fred Frankfort, judgment reversed on the law, with costs, and the complaint as to him dismissed, with costs. In so far as it dismisses the complaint as to the corporate defendant, judgment reversed on the law and the facts and a new trial granted, with costs to plaintiffs-appellants to abide the event.