ELIZABETH TOTH, as Administratrix, etc., of ALBERT TOTH, Deceased, Respondent, v. KENNEDY & SMITH, INC., Appellant; THE CITY OF NEW YORK, Appellant, Respondent, and TRIBOROUGH BRIDGE AUTHORITY, Defendant.— The action is to recover damages for the wrongful death of plaintiff's intestate, a pedestrian, who fell into a sewer trench dug by the defendant Kennedy & Smith, Inc., a contractor, along the center of the sidewalk on the south side of Astoria avenue between Forty-sixth and Forty-seventh streets, Queens county. Plaintiff sued the contractor and the city, and the latter's answer contains a cross-complaint against the contractor. The jury rendered a ten to two sealed verdict for the plaintiff against the city for $8,000, and against the contractor for $8,000, and judgment was entered in plaintiff's favor against both defendants as on a verdict for $16,000, and the city had judgment for the same amount on its cross-complaint against the contractor. The city and the contractor appeal from the judgment, and the contractor also appeals from the judgment in so far as it is in favor of the city on its cross-complaint. When the sealed verdict was opened the court stated that he would instruct the jury as to the proper form of their verdict, " or else if you gentlemen consider that we are only saving a little time by doing so, we might now ask them what they meant by what may be an ambiguous verdict." The court further stated that he would not ask the jury as to what was their intention, unless all parties agreed. Counsel for the city and the plaintiff expressly stated they had no objection, and counsel for the contractor offered no objection.

The court thereupon asked the jury if he had told them that in the event they found against both defendants they would have to render " a joint verdict, namely against both defendants for the total. * * *, did you decide that the gross amount of the verdict together should be $16,000? " The jury responded in the affirmative and stated it was their intention " to give a verdict of $16,000 against both defendants." Counsel for the contractor then stated the jury should be asked whether it was their intention to render a verdict against each defendant separately for $8,000. The court replied he could not ask the jury if " they attempted or intended to do an illegal thing," and thereupon the court again suggested that if there was going to be any question about it he would instruct the jury concerning the form of a joint verdict and have them retire to deliberate further. Counsel for both defendants stated they did not want this done, but after some further colloquy, when the court again stated he would follow this procedure, counsel for the contractor stated he had no objection, although he excepted to the court's direction. Thereupon the jury was polled and ten of them responded their verdict was for $16,000 against both defendants. While the procedure may have been irregular, appellants not only did not object to it, they participated in and sought to benefit by it and by their conduct acquiesced in the action of the court in respect to the verdict and, therefore, may not now be heard to complain. They are estopped from now urging that the verdict for $16,000 against both defendants was defective. Neither defendant urges that the verdict is excessive. The evidence established that the dangerous condition of the sidewalk which caused the accident was created by the contractor, and the city's liability to plaintiff is solely because of its failure to take notice of that condition. Defendants are not *in pari delicto*, whereby neither is entitled to indemnity from the other. The proof warrants indemnification by the active wrongdoer to the one passively negligent; but it is of little consequence whether liability here is predicated upon that theory or upon the theory of indemnification by reason of the agreement contained in the permit to open the sidewalk issued to the contractor by the city. Judgment in favor of plaintiff, against both defendants, and in favor of city of New York against Kennedy & Smith, Inc., affirmed, with costs. Carswell, Johnston and Close, JJ., concur; Adel, J., with whom Lazansky, P. J., concurs, dissents with the following memorandum: I dissent and vote to reverse the judgment in favor of plaintiff and against both defendants and to grant a new trial, unless within ten days from the entry of the order hereon plaintiff stipulate to the entry of a judgment based on a verdict of $8,000 against both defendants, in which event I vote to affirm the judgment as thus reduced, without costs. The sealed verdict as delivered to the court was clear, not defective nor one which cannot be entered. Its legal significance is " in favor of the plaintiff for $8,000 against both defendants." (*Farber* v. *Demino*, 254 N. Y. 363, 365; *Winters* v. *Brooklyn & Queens Transit Corp.*, 236 App. Div. 819.) There was no duty upon the defendants to request re-instruction of the jury and a resubmission for further consideration, and by omitting so to move they did not acquiesce in the entry of a verdict for a higher amount. Nor can the suggestion made to the court as to counsel's opinion of the form the question addressed to the jury should take be interpreted as acquiescence in the procedure followed. From the discussion which took place in the presence of the jury follow-

ing the opening of the sealed verdict, it seems inevitable that the jury received the impression that they were required to render a verdict for $16,000. It might be that the jury intended to render a verdict for $16,000, but this they did not do. In view of all the circumstances, in the interests of justice there should be a new trial unless the stipulation be given. I agree that the city is entitled on its cross-complaint to judgment over against defendant Kennedy & Smith, Inc., but dissent from the majority decision affirming such judgment as entered. The judgment in this respect should be affirmed only if the stipulation hereinbefore mentioned be given by plaintiff, and then in the amount so stipulated.