Louisa Mills et al., Plaintiffs, *v.* City of New York, Defendant and Third Party Plaintiff. May H. Brown et al., Third Party Defendants.

Supreme Court, Special Term, Kings County, April 5, 1947.

*Jones & Lynch* for Lucy Howard, third party defendant.

*Cohen & McGurk* for Daniel Newman, third party defendant.

*Charles E. Murphy, Corporation Counsel (James E. O'Reilly* and *Edmund J. Leonard* of counsel), for defendant and third party plaintiff.

*Charles J. Belfer* for plaintiffs.

GARVIN, J.  One of the third party defendants moves to dismiss a third party complaint, claiming that no cause of action is stated.  An action against the City of New York to recover damages for personal injuries had theretofore been instituted by plaintiffs, one of whom claims to have been injured as the result of a dangerous condition of the sidewalk between premises Nos. 1022 and 1024 St. Johns Place, Brooklyn, New York.

The complaint sets forth that plaintiff Louisa Mills fell as a result of a dangerous condition of said sidewalk which had been and was permitted to exist at the spot where plaintiff was injured, which condition was caused by the maintenance of an unusually graded and sloped driveway which was raised and elevated for a considerable height above the adjacent sidewalk so as to constitute a nuisance; that defendant City of New York, in further disregard of its duties and obligations to the public, had carelessly permitted frozen snow and ice to accumulate and remain in large quantities there in a rough, hard, lumpy and trodden-down dangerous condition over and above the said sloped and graded sidewalk and

driveway; plaintiff claims that by reason of such condition she slipped and fell without any negligence on her part, as a result of which she sustained the injuries for which this action has been brought. The City of New York, pursuant to the provisions of section 193-a of the Civil Practice Act, served cross complaints against various third party defendants, including the moving party, and alleges that the third party defendants jointly and severally had an easement over a strip of land ten feet in width which was used for ingress and egress for automobiles to the garages of the respective premises of the third party defendants and which was maintained for their special use and benefit for that purpose; that said driveway was maintained across the public sidewalk in such a manner that it sloped downward from the building line to the curb line of St. Johns Place; that said third party defendants, their servants, agents and employees and tenants, drove or permitted and invited others to drive automobiles across the said driveway without first removing the recently fallen snow therefrom, as a result of which indentures and ridges were formed thereon and the condition thereof being icy was made otherwise dangerous to pedestrians; that as a result of this dangerous condition caused by the slope of the sidewalk and the failure to remove the snow and ice as aforesaid plaintiff was injured. If plaintiff obtains a judgment against defendant the latter seeks judgment over against the third party defendants.

The City of New York, seeking to sustain the third party complaint concedes in its brief that the " City of New York is charged with the duty of exercising reasonable care to keep its public thoroughfares in a reasonably safe condition, and if it fails in its duty it may be liable to the injured person." The city urges, however, that if the condition which caused the accident was due to the special use of the sidewalk by the abutting owner " then the City has the right to look to said owner for indemnity, because the City of New York and third party defendants are not joint tort feasors." In support of this contention *Trustees of Canandaigua* v. *Foster* (156 N. Y. 354), *Toth* v. *Kennedy & Smith, Inc.* (259 App. Div. 855), and *Nickelsburg* v. *City of New York* (263 App. Div. 625) are cited. The *Canandaigua* case (*supra*) involved a defective grate; the *Toth* case (*supra*) had to do with a sewer trench dug on the public sidewalk, and the *Nickelsburg* case (*supra*) revealed the construction or maintenance of bars or rails on the sidewalk. No authority has been cited, nor has the court been able to find a case, which involved a sloping sidewalk of the type with which we are here concerned.

The third party complaint sets forth that the dangerous condi-

tion was a result of an unusual slope and accumulation of snow and ice which was made ridgy and uneven by the use of automobiles driven over the driveway. It is well established that the duty to remove· snow and ice rests upon the municipality, and the fact that an owner of property is required by statute, ordinance and police regulation to remove snow and ice does not in any way amend or modify that rule, and that, while an owner of property may be subject to a penalty imposed by a municipality for failure to remove snow and ice, he is still not liable for injuries caused to those walking on the sidewalk (*Herny* v. *Frankfort,* 252 App. Div. 538, and authorities therein cited).

It is well settled that on a motion of this character every fair intendment must be rendered in favor of the pleading. All allegations contained therein, however, must be taken in connection with settled law. Assuming that the condition complained of, i. e., the unusual slope, was dangerous to the public, it is fair to assume from the allegations of the third party complaint that there would have been no accident nor would the plaintiff have sustained any injuries if the snow and ice had been removed;· and as has heretofore been said, the duty to remove snow and ice devolved upon the City of New York (see *Herny* v. *Frankfort, supra*). Even assuming, for the purpose of this motion, that the property owner had the obligation of maintaining a safe sidewalk, this obligation was no greater than that of the city with respect to removing snow and ice; both were concomitant factors in producing the dangerous condition pleaded in the third party complaint. In *Iroquois Gas Corp.* v. *International Ry. Co.* (240 App. Div. 432) it was held that there may not be a recovery by way of indemnity by one joint tort-feasor against another where they are *in pari delicto.* See, also, Corpus Juris (Vol. 31, Indemnity, § 54, n. 63, subd. [a], pp. 454–455) where the rule is set forth as follows: " The negligence of two persons may be truly concurrent, even as between themselves, although the negligence of the one began antecedently to the negligence of the other, and may, in a greater or less degree, have induced it; and in such cases no right of indemnity exists between the wrongdoers, and, where two separate persons owe to a third person the same concurrent duty as to a particular thing and by reason of the negligent failure of each and both of them to perform that duty, the third person is injured, and he sues only one of those who owed him the duty, basing his right of action solely upon the tortious state of affairs brought about by this joint and common

neglect of duty, and recovers damages, no action over arises in favor of the person thus subjected to the sole liability against the other person who owed the same duty. Central of Georgia R. Co. v. Macon R., etc., Co., 9 Ga. A. 628 * * *.''

In the Twelfth Annual Report of the New York Judicial Council, 1946, at page 195, the following appears: '' The proposed changes are of a strictly procedural nature and will, in no way, affect the substantive rights of the parties. Particular care has been exercised to avoid any change of the present law governing the right of contribution between joint tort-feasors *in pari delicto.''* And at page 216 the following appears: '' The proposed extension of the scope of impleader by eliminating the requirement of ' identity ' of claims leaves undisturbed the basic principle, embodied in the present statute, that impleader shall be limited to the prosecution of a ' claim over.' In other words, a third party claim must be based upon *C's* duty to exonerate or reimburse *B* for all or part of a recovery by *A* in the main action. Where there is such duty, *B* may implead *C* irrespective of whether *C* is also liable directly to *A*. Where there is no such duty, the impleader is improper, as a matter of law, *even though C be liable to A jointly with B.* It follows that impleader of a joint tort-feasor on the ground that he is liable *to the plaintiff* jointly with the defendant is excluded under the present as well as under the proposed new statute.

'' There remains then the question whether, under the proposed new statute, a defendant in a tort action could implead a joint tort-feasor on the ground that he ' is or may be ' liable over *to him* for part of a recovery against him.

'' A joint tort-feasor who has not been sued neither ' is ' liable over, nor ' may ' he become liable over to the defendant sued in the action, since there can be no joint money judgment in plaintiff's favor against both joint tort-feasors, as required by section 211-a of the Civil Practice Act. Even if the plaintiff had commenced action against both joint tort-feasors, one of them would not be permitted to file a cross-claim against the other, pursuant to sections 264 and 474 of the Civil Practice Act, since a right of contribution does not arise and a remedy for its prosecution is not given by section 211-a until one of the defendants has paid more than his proportionate share of the judgment. Much less can there be an impleader of a joint tort-feasor whom the plaintiff has not sued.''

The motion to dismiss should be granted.