MONICA FORTUNE, Plaintiff, *v.* CITY OF SYRACUSE, Defendant and Third Party Plaintiff. WARREN BROTHERS ROADS COMPANY, Third Party Defendant.

Supreme Court, Special Term, Onondaga County, March 8, 1948.

*Gerald H. Henley* for third party defendant.

*Lyle W. Hornbeck, Corporation Counsel (George T. Driscoll* of counsel), for defendant and third party plaintiff.

*Marvin, Hand, Searl, Bush & Crannage* for plaintiff.

SEARL, J. The present controversy is between City of Syracuse, third party plaintiff and Warren Brothers Company, third party defendant. Attorneys for the plaintiff take no part. The motion seeks an order dismissing the second cause of action in a third party complaint on the ground that it does not state facts sufficient to constitute a cause of action, and for a dismissal of the alleged third party cause of action under the provisions of section 193-a of the Civil Practice Act. The plaintiff's complaint

seeks damages against third party plaintiff, the City of Syracuse, on the ground of negligence, the claim being that on the 23d day of August, 1946, the plaintiff was driving a motor vehicle along Grant Boulevard, a public highway of the City of Syracuse, when the motor vehicle was caused to skid or slide by reason of a dangerous condition of the surface of the pavement, causing her car to collide with a lighting pole, overturning the motor vehicle, and resulting in personal injuries. The grounds of negligence alleged are that the pavement had been improperly and negligently resurfaced, repaved, and reconstructed in a manner and with such substances and materials that the pavement, upon becoming wet or moist, was in such condition as to be dangerous and hazardous to the general public. The further allegation was made that defendant had notice of the condition and failed to abate or remedy the same, or to guard or warn the traveling public of the conditions existing, that the same was a public nuisance of which the officers and agents of the city had notice, and the latter failed or neglected to erect signs, signals, barricades, or other methods of warning.

The second alleged cause of action set forth in the amended complaint of third party plaintiff, City of Syracuse, after realleging certain pertinent allegations contained in the first alleged cause of action, pleads that in event it is determined upon trial that any damages were caused or contributed to by reason of the negligent or faulty construction of the portion of Grant Boulevard described in the complaint, that such negligence would be the primary and producing fault of the third party defendant by reason of the actual negligent construction of the highway and performance of the work pursuant to the terms of the contracts with the city. Also, the allegation is made that in event it is determined upon trial that there is responsibility or liability to plaintiff by reason of construction, that such would be the liability of the contractor and not the city; then it is alleged that in event plaintiff recover judgment against the city, then third party defendant be liable over to the city for the whole amount of such recovery. The prayer for relief demands judgment accordingly, provided any judgment is rendered against the city.

We are here confronted with the argument presented by third party defendant, which we will term the "contractor", that if the contractor and third party plaintiff, hereinafter termed the "city", are joint tort-feasors, a proper case for impleader under section 193-a is not presented, and the third party complaint should be dismissed.

Plaintiff's complaint, it must be observed, contains an allegation of negligence in the construction of the pavement. As to initial construction, such obligation rested on the contractor, with an indemnity agreement running to the city. Plaintiff's complaint goes further and alleges that the condition of the pavement, when completed, constituted a nuisance, that the city had notice of a dangerous condition and neglected to erect warning signs and barricades. Such an allegation naturally tends to confuse a ready solution of the present problem.

To reach a logical conclusion it is profitable to examine the contents of section 193 before the insertion of section 193-a, as authorized by chapter 971 of the Laws of 1946. It is likewise informative to examine not only the recommendations as contained in the Twelfth Annual Report of the New York Judicial Council (1946) relating to the extension of the remedy of impleader, but likewise interpretive decisions touching section 193 prior to the amendment of 1946.

Disregarding minor amendments, section 193 remained substantially unchanged from 1922 (ch. 624) until the major change in 1946. In commenting upon the limitations of existing section 193, the recommendation of the Judicial Council commented (pp. 194–195):

" The courts, construing the statutory language strictly, have greatly limited the scope of the remedy and have deprived it of much of its potential usefulness. They have restricted impleader to the prosecution of claims which rest on the same cause of action, or at least on the same grounds as the claim in the main action. Under this strict test of ' identity,' impleader is held improper if the cause of action asserted by $A$ against $B$ proceeds on a different ground from that asserted by $B$ against $C$, even though substantial issues of fact have been raised which are common to both controversies. * * *

" The new impleader statute proposed in this study has the general purpose of making impleader practice in New York more liberal and definite, and to remove some of the limitations that presently hamper its usefulness.

" In accord with modern impleader statutes, particularly Rule 14 of the Federal Rules of Civil Procedure and the practice which developed under it, it is proposed to widen the scope of the remedy by throwing overboard the strict test of ' identity ' between the two causes of action which the New York courts apply at the present time. In its place, a simple test of convenience is introduced pursuant to which impleader would be

permitted when warranted by the similarity of the issues of law or fact involved in the two controversies. The proposed extension would not affect the basic principle that there can be no impleader unless the claim against the third party is conditioned upon the liability of the defendant to the plaintiff in the main action.''

It is observed that the recommendations also suggest that the third party complaint should be subject to dismissal in the court's discretion (p. 195). This recommendation appears to have been carried out by the legislative fiat that followed, for the initial sentence of section 193-a reads: '' After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him ''.

A comparison of the wording of the recommended amendment (by adding section 193-a in lieu of subdivision 3 of section 193) with the wording of section 193-a as passed and as presently constituted, reveals the fact that the two are identical. Therefore, we may very properly conclude that the observations made by the council relative to the proposed act are applicable and pertinent to our instant discussion, as they logically must be deemed to interpret the meaning of the act.

A plaintiff still has the right to determine the defendant or defendants against whom he is to proceed. If two cars collide and plaintiff is injured, even though plaintiff has reason to believe both drivers are to some extent liable, plaintiff is at liberty to proceed against one or both. No one could challenge plaintiff's right to choose as between two or more joint tort-feasors. If, however, there exist some substantial questions of fact common between a defendant and a third party not joined, then under the more liberal impleader statutes a third party defendant may be joined, provided (§ 193-a, subd. 4) the court '' shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice any party to the action.''

In the instant proceeding the third party plaintiff alleges that by the terms of two separate contracts made between the contractor and the city, the contractor agreed that '' it would indemnify and save harmless the City of Syracuse * * * from all loss, harm, suits and actions * * * brought against the City of Syracuse * * * for or on account of any injuries or damages to person or property received or sustained by any

person or persons on account of the construction work   \*  \*  \* or by or on account of any accident or any act or omission of the said contractor or ' its agents.' ''

The fact does not escape our attention that plaintiff's complaint alleges that the portion of Grant Boulevard on which work was done by third party defendant was opened for public use on July 21, 1946, and the collision in question did not occur until August 23, 1946. Plaintiff's complaint then alleges that on the latter date and for some time prior thereto the city had actual and constructive notice of the dangerous condition existing, which constituted a nuisance, and that the city failed to abate the nuisance or guard the traveling public. Thus there is not complete identity between this particular allegation against the city and the one alleging improper construction on the part of the contractor.

The answer to this last question is found in the recommendations of the council (pp. 207–208):

'' Proposed subdivision 1 of new section 193-a would make it clear that the permissibility of impleader should not depend upon any legalistic test of identity between the two causes of action, but rather upon the existence of one or more substantial issues of law or fact common to both controversies. This is proposed to be accomplished by the express provision that the third-party claim shall be related to the claim in the main action by a question of law or fact, common to both controversies, but need not rest upon the same cause of action or the same grounds as the claim in the main action. Thus, the same test of convenience which has proved so useful in the field of permissive joinder of parties would replace the present mechanical test of ' identity '.

'' It should be emphasized, however, that under subdivision 4 of proposed new section 193-a, although lack of ' identity ' between the two causes of action would not necessitate the dismissal of the third-party claim, yet the court *may* dismiss it where, in any given case, the joint trial may result in undue delay, prejudice or confusion because of the different grounds on which it proceeds. Such dismissal, however, would rest in the sound discretion of the court, whereas, under the rule of the *Nichols* case, the impleader is improper as a matter of law if there is not the required identity, irrespective of any danger of confusion of delay.'' (See 2 Carmody on New York Pleading and Practice, p. 874, quoted in *Travlos* v. *Commercial Union of America, Inc.*, 217 App. Div. 352, 357.)

Relative to the rule adopted in *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118), to effect that if impleader were permitted and the jury returned a verdict for the plaintiff, there would be no way of telling from the verdict whether the same was based upon a ground which would entitle the defendant to reimbursement from the third party, the recommendations (p. 208) make this suggestion, which was enacted as subdivision five of section 193-a: " When a verdict in plaintiff's favor against the third-party plaintiff might be rendered upon a ground which would not support the claim asserted by the third-party plaintiff against the third-party defendant, the court, on motion of the third-party plaintiff or the third-party defendant, shall instruct the jury to make, in addition to a general verdict, appropriate special findings with respect to the ground of the third-party plaintiff's liability."

The instant case is readily distinguishable from such authorities as *Mills* v. *City of New York* (189 Misc. 291) where the city was primarily liable for the removal of ice and snow, and there existed no indemnity agreement; likewise, *Milstein* v. *City of Troy* (272 App. Div. 625) where a third party complaint was dismissed growing out of an attempt by the city to implead the father of the infant plaintiff, the father having neglected to turn off his motor causing the daughter to be struck and injured by his propeller blades. The defendant city was claimed to have been negligent for failure to police and properly supervise the airport. In that case, however, the plaintiff, an unemancipated minor, could not recover for the actionable wrong of her own father (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626). Therefore, joining the father would be useless.

In *Miele* v. *City of New York* (270 App. Div. 122), a city truck had struck a stone located close to an excavation in the highway, causing the stone to fall and injure a person digging in the excavation. The city sought to implead the contractor and the cross complaint was dismissed, although the city urged that the contractor had violated a provision of the Administrative Code. Both were held joint tort-feasors, the court holding there was no liability over by virtue of contract or statute.

*Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57), *Schwartz* v. *Merola Bros. Constr. Corp.* (290 N. Y. 145) and *Semanchuk* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412) are all recent cases in which our court of last resort differs in discussion upon indemnity " upon common law principles ", active and passive negligence, " nondelegable duty ", and other phases

relative to cross claims. These cases were all decided before the recent amendment. As stated in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305, 308–309) where one joint tort-feasor sought to join another, " If section 193 is to be extended, it must be by act of the legislature and not by the fiat of the courts."

This language indicates the necessity for the legislative authority that has recently been granted. The result now seems to be that where a court finds that needless expense, delay and litigation may be avoided, without substantial injury to the right of the parties, impleader may be granted, each case depending upon the exercise of sound discretion.

Were the court to grant the instant motion of third party defendant, the prolonged and laborious efforts of the Judicial Council on this particular subject, as reflected in the amendment, would largely have been expended to no useful purpose. By proper guidance and instruction the trial court should be able not only to save time and expense, but avoid a multiplicity of suits, without prejudice to the rights of any party.

The instant motion of the third party defendant must, therefore, be denied.