JOSEPH PORTNOY, Plaintiff, v. UNITED ENGINEERS & CONSTRUCTORS, INC., et al., Defendants, and LaSALA MASON CORP., Appellant. CHRISTIE & LEISER, INC., Defendant and Third Party Plaintiff, v. EDWARD F. HICKEY, Third Party Defendant-Respondent.— In an action to recover damages for personal injuries, respondent, who was brought into the action as a third party defendant, pursuant to the provisions of section 193-a of the Civil Practice Act, by Christie & Leiser, Inc., a defendant named in the main action, set up in his amended answer to the third party complaint a cross claim for indemnity against appellant, also a defendant named in the main action. Appellant had asserted no claim against respondent, and moved to dismiss respondent's cross complaint, asserting that such cross complaint could not properly be interposed pursuant to any provision of section 193-a of the Civil Practice Act, since appellant was not a party to the "third-party action" commenced by defendant Christie & Leiser, Inc., against respondent. Order denying motion to dismiss respondent's cross complaint affirmed, with $10 costs and disbursements. In our opinion, after the service on respondent of the complaint of defendant Christie & Leiser, Inc., respondent became a party to the action commenced by the plaintiff against appellant and other defendants, and appellant and respondent were parties to the action and "parties on the same side" within the meaning of section 264 of the Civil Practice Act. Appellant's claim that appellant and respondent are, at most, joint tort-feasors may not be determined on the present record. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

RICHMOND CONSTRUCTION CORPORATION, Appellant, v. WILMAR REALTY CORPORATION, Respondent.— In an action to recover sums of money on contracts for work which was duly performed, to which a counterclaim for damages for unskillful and negligent performance was interposed, order, insofar as appealed from, modified on the law and the facts as follows: (a) by adding to the first ordering paragraph, after the word " denied ", the words " without prejudice to proceeding pursuant to section 193-a of the Civil Practice Act; " (b) by striking out the second ordering paragraph; (c) by striking out the words "as the balance thereof " in the third ordering paragraph; and (d) by including items " 3 " and " 4 " in the fourth ordering paragraph. As so modified, the order is affirmed, without costs. There is no necessity for an order directing the desired person to be brought in as a party defendant by plaintiff. The subject of payments by defendant is a proper one for examination before trial. There is no showing by plaintiff that its alleged president is no longer connected with it. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

FANNIE SILVER, Respondent, v. ABRAHAM TIFFENBERG, Appellant.— Action to have it adjudged that a certain stationery store and luncheonette purchased in the name of the defendant is subject to a constructive trust in favor of the plaintiff, and for an accounting and other relief. Order denying defendant's motion under rule 106 of the Rules of Civil Practice, (a) to dismiss the complaint for insufficiency; (b) to make the complaint more definite and certain; and (c) to separately state and number causes of action, affirmed, with $10 costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.