JOSEPH BONN, Plaintiff, v. JACOB KOTLER Co. INC. et al.,
Defendants.

Supreme Court, Special Term, Bronx County, August 27, 1951.

*Fred M. Greenfield* for Jacob Kotler Co. Inc., defendant.

*John P. Smith* for Raisler Corp., defendant.

*William C. Morris* for William J. Scully, Inc., defendant.

*Daniel Miner* for Ben Glick and Paul Schulke, Inc., defendant.

*Harry Chashin* and *Samuel F. Berkar* for plaintiff.

MATTHEW M. LEVY, J. The action is in negligence for personal injuries. There are four defendants. Plaintiff's complaint alleges that the defendant Ben Glick and Paul Schulke, Inc. (hereinafter referred to as Glick) was the general contractor in certain construction work and that each of the other three defendants was a subcontractor of Glick. The complaint further alleges that the defendants erected and furnished a scaffold for the use of the construction workers in the premises, and that the scaffold was improperly erected by the defendants and was unsafe. The plaintiff, who was an employee of another of Glick's subcontractors (not named as a defendant in the action), was injured while working on the scaffold — he, without negligence on his part, having been caused to be precipitated from the scaffold by the sole negligence of the defendants.

The defendant Glick, in its answer to the complaint, sets up a plea " as a basis for affirmative relief against the co-defendants ", and " demands judgment pursuant to Section 264 of the Civil Practice Act " that the ultimate rights of the several defendants as between themselves be determined in the action, to the end that the defendant Glick " have judgment over and against the said co-defendants, or any of them, for any sum which may be recovered herein by plaintiff against the answering defendant ". The defendant Glick's answer proceeds: " Sixth: The answering defendant alleges, upon information and belief,

that by reason of the premises set forth in the complaint, a question of responsibility, if any, for the damages alleged to have been sustained by plaintiff, has arisen between the answering defendant and the co-defendants Jacob Kotler Co. Inc., William J. Scully Inc. and Raisler Corp. in this action.'' That is the sum total of the allegations in the cross complaint.

Three motions are made (each by a separate defendant) to dismiss the cross complaint of the defendant Glick under subdivision 5 of rule 106 of the Rules of Civil Practice upon the ground that the cross complaint on the face thereof does not state facts sufficient to constitute a cause of action as against the respective moving defendant.

For reasons which I have heretofore had occasion to express (*Falk* v. *Crystal Hall,* 200 Misc. 979), and therefore find it unnecessary to repeat here, I do not go along with the argument of the moving parties on these motions, that, because neither the defendant Glick's cross complaint nor the plaintiff's complaint (made a part of the cross complaint) contains magic terminology to the effect that the defendant Glick was only '' passively '' negligent, as contrasted with another defendant's being charged with '' active '' negligence, that is the open sesame to the insufficiency of the cross complaint, and it must therefore be dismissed.

*Shass* v. *Abgold Realty Corp.* (277 App. Div. 346) holds that the mere statement in the answer of one defendant that another defendant is or may be liable over to him and a demand for a determination of that claim is not a compliance with section 264 of the Civil Practice Act and that such a cross complaint is legally insufficient. The defendant Glick does not dispute the correctness of this decision but argues that the situation in the *Shass* case is distinguishable from that in the case at bar. There, the owner of an apartment building — whose tenant was made ill by escaping gas from a pipe repaired by a plumber employed by the owner — cross-claimed against the codefendants gas company and plumber. In the instant case a general contractor is cross-claiming against subcontractors — and not an owner against independent contractors. That, it seems to me, is a distinction without a difference insofar as the procedural applicability of section 264 of the Civil Practice Act or the substantive law of indemnity is concerned.

The Appellate Division in the *Shass* case intimates that if the cross claim itself does not plead any facts from which the basis of the claim for indemnity may be found, it would suffice if such facts may be found in or are fairly inferable from the plaintiff's complaint in the action. Pinning its hopes upon this dictum, the

respondent on these motions urges that in its cross complaint it specifically states that "by reason of the premises set forth in the complaint", a question of responsibility has arisen as between the defendant Glick and its codefendants, and consequently the complaint must be read as a part of the cross complaint. But the difficulty with this contention is that by the very act of adoption of the plaintiff's complaint, the defendant Glick — in view of the allegations therein contained — seriously menaces, and I think destroys, the sufficiency of its own cross complaint.

For in this case the complaint is barren of *any* allegations of fact upon which any claim for indemnification may be predicated. Moreover, as has been seen, the plaintiff affirmatively alleges in his complaint that all the defendants — including the defendant Glick — negligently constructed and furnished the unsafe scaffold. This allegation permits of only one inference and that is that all of the defendants were joint tort-feasors *in pari delicto.* And it is axiomatic that a cross complaint under such circumstances cannot be sustained, for no judgment over may be awarded in favor of one joint tort-feasor against another where the negligent act of the party seeking such indemnity concurred in the wrong which caused the damage (*Middleton* v. *City of New York,* 276 App. Div. 780).

The several motions to dismiss the cross complaint are granted, with leave to defendant Glick to serve an amended answer within ten days after service of a copy of the order hereon, with notice of entry.