SALVATORE GIUNTA, Respondent, v. PARKER, STEARNS & CO. INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. POLYMER INDUSTRIES INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, alleged to have been caused by defendant's negligence, defendant appeals from an order which dismisses its complaint against the third-party defendant. The complaint against defendant alleges that it is the owner of a tenant-factory building, and that plaintiff's injuries were caused by defendant's negligence in suffering and permitting the doors to an elevator shaftway to remain open at the floor level where the accident occured while the elevator was at an upper floor and in failing and omitting to see to it that said elevator shaftway doors, appurtenances and approaches were safely maintained and

equipped, and so constructed, guarded and operated as to be safe for all persons, as required by law. Defendant alleged, in its complaint against the third-party defendant, that plaintiff's injuries were caused by the negligence of the third-party defendant, which was using the elevator at the time of the accident, in operating the elevator while the shaftway doors were open, and in manipulating a safety switch with which the elevator was equipped, so that the elevator could be so operated. Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. A recovery against appellant in this action may rest upon a determination that it was guilty, at most, of passive negligence by virtue of the duty imposed on it by sections 255 and 316 of the Labor Law to operate the elevator and the shaftway doors safely. (Cf. *Hente* v. *Shercoop Corp.*, 289 N. Y. 140.) Consequently, it was error to deprive appellant of its right to seek recovery against the third-party defendant, which is alleged to have been in actual control of the elevator, and against which it may be established that its negligence was the active and primary cause of plaintiff's injury. (*Wischnie* v. *Dorsch*, 296 N. Y. 257; *Monteverdi* v. *French Realty Corp.*, 274 App. Div. 945; *Portnoy* v. *United Engineers & Constructors*, 274 App. Div. 891.) Nolan, P. J., Carswell and Adel, JJ., concur; Wenzel and Schmidt, JJ., dissent and vote to affirm, with the following memorandum: The theory of the complaint is that (a) there were no safety devices enclosing the shaftway on the ground floor so as to prevent anyone from walking into it when the elevator was not at that floor and the doors were open; (b) that because of the condition of the switches, the elevator could be operated with the doors open. The theory of the third-party complaint is that an employee of the third-party defendant, a fellow employee of plaintiff, negligently manipulated the safety switch on the elevator so that it was possible to operate the elevator with the doors open, and that thereafter he so operated the elevator. The complaint against defendant, the owner of the building, is, therefore, based on the installation of a dangerously constructed elevator and its maintenance, without proper safeguards. The third-party complaint is based upon negligent operation of the elevator. In our opinion, under the allegations of these two pleadings, there may be no recovery over on the third-party complaint. If defendant was under a duty to furnish an elevator which, under no circumstances, could be operated with the doors open, or, if with knowledge that the elevator could be so operated, failed to furnish a safeguard, defendant would be liable for failure to furnish such an elevator or such a guard, regardless of the third-party's negligence in the operation of the elevator. That would be defendant's duty and only defendant's insofar as the plaintiff is concerned. There is no allegation in the third-party complaint that, as between defendant and the third-party defendant, this duty had been assumed by the latter. It is the alleged failure to fulfill this duty which makes defendant guilty of active or affirmative negligence. In *Wischnie* v. *Dorsch* (296 N. Y. 257) the negligence alleged in both the complaint and the cross complaint was the same — failure to keep the elevator in a safe and proper condition. The owner's claim of liability over was based upon allegations that the tenant was in sole and exclusive possession of the premises under a lease, which provided that the lessee primarily assumed the owner's statutory liability. In this case the duty of furnishing and maintaining a safe elevator with suitable guards was a duty owed by defendant different from, and independent of, any duty by the third-party defendant of properly operating the elevator. Indemnity on the basis of passive and active negligence is founded upon the theory that the duty owed by defendant

and third-part defendant is the same. Plaintiff was the employee of the third-party defendant and could not sue his employer, except as provided in the Workmen's Compensation Law. This motion to dismiss the third-party complaint was made by the plaintiff, not by the third-party defendant. While section 193-a of the Civil Practice Act provides that the motion to dismiss a third-party complaint may be made by either plaintiff or third-party defendant, we are of the opinion that such a motion made by a plaintiff should be considered on a different basis than when made by a third-party defendant. [See *post*, p. 893.]