SHIRLEY TUCCI, Plaintiff, *v.* CITY OF SYRACUSE et al., Defendants.

Supreme Court, Special Term, Onondaga County, April 28, 1955.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* for New York Central Railroad, defendant.

*George Driscoll,* Corporation Counsel, for City of Syracuse, defendant.

*Bond, Schoeneck & King* for plaintiff.

DEL VECCHIO, J. This is a motion by defendant New York Central Railroad to dismiss the cross claim of the defendant City of Syracuse upon the ground that the answer does not state facts sufficient to constitute a cross claim under section 264 of the Civil Practice Act.

Plaintiff commenced this negligence action against the defendants City of Syracuse and New York Central Railroad to recover for personal injuries allegedly sustained as a passenger in an automobile which collided with a railroad bumper owned by the defendant New York Central and located in Canal Street in the city of Syracuse. The answer of defendant city demanded dismissal of the complaint and, in addition, " that as provided in Section 264 of the Civil Practice Act the ultimate rights of the defendant City of Syracuse and the co-defendant be determined as between said defendants and that defendant City of Syracuse have judgment against the other defendant for any sum which may be recovered herein by the plaintiff against defendant City of Syracuse, together with the costs and disbursements of this action."

To be sufficient under section 264 of the Civil Practice Act, the answer served by defendant city must allege facts which establish a right of indemnification against the codefendant New York Central Railroad. (*McCooey* v. *St. Francis Hosp.*, 111 N. Y. S. 2d 17, 18; *Bonn* v. *Kotler Co.*, 203 Misc. 407.) If the defendants are joint tort-feasors *in pari delicto* the right to cross claim under section 264 is not available. (*Mills* v. *City of New York*, 189 Misc. 291.)

The only allegations in the answer of the city relating to the purported cross claim are the following:

" 4th: That in the event that plaintiff recovers a verdict against the defendant City of Syracuse, by reason of the allegations set forth in the complaint herein and that it should be found that the alleged negligent and dangerous conditions were created, caused or maintained by some defendant other than defendant, City of Syracuse, that any judgment in favor of the plaintiff should be entered against the defendant New York Central Railroad, and that no judgment in favor of the plaintiff be allowed or entered against defendant City of Syracuse.

" 5th: That if said accident and resultant injuries were caused as a result of the allegations contained in the complaint against the defendant, other than defendant City of Syracuse, then the said question of liability should be determined in this [action] and judgment rendered against the defendant or defendants legally liable and not against defendant City of Syracuse."

This court is of the opinion that the foregoing statements are clearly insufficient to establish a cross claim in favor of the defendant city against the defendant New York Central Railroad. It has been held in *Shass* v. *Abgold Realty Corp.* (277 App. Div. 346) that the mere statement in the answer of one defendant that another defendant is or may be liable over to him and a demand for a determination of that claim is not a compliance with section 264 of the Civil Practice Act and that such a cross complaint is legally insufficient. The answer before this court lacks even those legal conclusions which were found unsatisfactory in the *Shass* case; the allegations quoted above are nothing more than a demand for cross relief, which is repeated in the " Wherefore " clause of the city's pleading.

Accordingly, the motion to dismiss defendant city's answer, insofar as it demands judgment over against the codefendant New York Central Railroad must be granted.

There is authority that, on a motion of this nature, the plaintiff's complaint also may be considered and, if it states facts from which the basis of a claim for indemnity between codefendants may be found, the defendant entitled to indemnity will not be denied the right to maintain a cross action, although his pleading is itself legally insufficient. (*Shass* v. *Abgold Realty Corp., supra; Bonn* v. *Kotler Co., supra.*) For that reason, and because the complaint alleges sufficient facts from which the basis of a claim for indemnity may be found or be fairly inferable, the city is given ten days within which to serve an amended answer.

Defendant New York Central has argued that the allegations of plaintiff's complaint do not support a right of recovery over in favor of the city. Briefly, the complaint alleges negligence by defendant New York Central in erecting and maintaining the railroad bumper and negligence by defendant city in permitting it to be so erected and maintained. In those circumstances, it is well established that the city would be entitled to recover back from the railroad any damages which it might be required to pay to a third party injured by the bumper, on the theory that the railroad, for whose sole benefit the obstruction was erected, was primarily liable for damage resulting from the manner of its erection or maintenance. (*Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354; *Nickelsburg* v. *City of New York,* 263 App. Div. 625; *Schrold* v. *City of New York,* 298 N. Y. 738.)

The railroad claims, however, that the complaint contains allegations of wrongdoing by the city which serve to make it a

joint tort-feasor and which preclude any recovery over by way of indemnity in favor of the city. Specifically, it is asserted that the complaint pleads independent negligence of the city in the allegations that the railroad bumper had existed for a long period of time to the knowledge of the city and that it constituted a nuisance.

A complete answer to this argument is to be found in *Schrold* v. *City of New York* (*supra*). An examination of the record on appeal reveals that the complaint in that case contained allegations substantially identical to those here relied upon by defendant New York Central. The trial court dismissed the cross claim asserted by the City of New York against its codefendant, pursuant to section 264 of the Civil Practice Act. On appeal, the Appellate Division, affirmed by the Court of Appeals, reversed the determination of the lower court and granted judgment for the city upon its cross claim, on the ground that " appellant was entitled to recover against respondent by way of indemnity for the loss it sustained by reason of being compelled to pay the judgment in favor of plaintiff." (273 App. Div. 872.)

The motion to dismiss the cross claim of defendant City of Syracuse is granted, with leave to serve an amended answer within ten days of service of the order herein, together with notice of entry.

Order accordingly.