Henry A. Hudson, J.
The defendant, New York Central Railroad Company, has moved to dismiss the cross claim of defendant, Syracuse Constructors, Inc., upon the ground that such cross claim does not constitute a proper cross claim as contemplated under section 264 of the Civil Practice Act.
The plaintiff in his complaint, alleges, first, that the defendant, New York Central Railroad Company, at the instance of defendant, Syracuse Constructors, Inc., maintained a flagman at its Belle Isle crossing at all times during the performance of certain work rendered by the plaintiff’s employer. He then alleges numerous negligent acts of the railroad company as being responsible for his injuries included among which were the following: “ That the said crossing was improperly maintained and guarded; that said defendant, its agents, servants and employees failed to take any measures for the protection of the public and in particular for the protection of this plaintiff.” The plaintiff then alleges that the defendant, Syracuse Constructors, Inc., was negligent in that defendant’s flagman knew or should have known of the approach of the train; that he was improperly stationed to give proper warning and that he gave misleading and unreasonable signals to the plaintiff and that he failed in general and neglected to observe the duty of care the defendant owed to travelers on the public highway.
From an examination of the complaint, it is apparent that the plaintiff is seeking to charge both the defendant, New York Central Railroad Company and the defendant, Syracuse Constructors, Inc., with being the employer of the flagman in question although plaintiff specifically alleges that the flagman is the employee of the New York Central Railroad Company. Obviously he cannot be the employee of both defendants although conceivably by contract either of the defendants could have assumed responsibility for the negligent acts of the flagman. No such allegation of contract liability is contained in the complaint. It is clear, however, from an examination of the complaint that insofar as the alleged negligence of the flagman *134 is concerned there are no facts alleged by the plaintiff sufficient to charge the defendants with being joint tort-feasors.
The defendant, Syracuse Constructors, Inc., sets up a general denial which includes allegations that any negligence which resulted in injury to the plaintiff was committed by the New York Central Railroad Company. It then sets up an affirmative answer and defense in the form of a cross claim against the defendant, New York Central Railroad Company. In. such cross claim it alleges that it requested the defendant, New York Central Railroad Company to provide an employee to serve as flagman and that it agreed to pay the New York Central Railroad Company for the charge made by it for furnishing such employee. It then sets forth in the following language the apparent basis of its claim in accordance with the provisions of section 264 of the Civil Practice Act:
‘ ‘ 12. If there was some negligent act as alleged by the plaintiff, and if proven by plaintiff by reason of which Syracuse Constructors may be held in damage to the plaintiff, such liability must be predicated upon the sole act or negligence of the New York Central Railroad Company and not on any act of negligence of the defendant, Syracuse Constructors, Inc.
“ 13. In ease any recovery is awarded to the plaintiff as against this defendant, Syracuse Constructors, Inc., in the cause of action alleged in plaintiff’s complaint, then the defendant, New York Central Railroad Company, will be liable to the defendant, Syracuse Constructors, Inc., for the amount of such recovery. ’ ’ These allegations are clearly conclusory only. They contain no facts whatsoever from which it is possible to establish its right to indemnification or to apprise the codefendant of the basis of its cross claim. Neither does it allege any facts from which the other defendant could be apprised of any claim of primary liability upon its part and any secondary liability upon the part of the Syracuse Constructors, Inc.
I am of the opinion that the law is well established that mere conclusory allegations are insufficient to sustain a cross claim under section 264 of the Civil Practice Act. (Shass v. Abgold Realty Corp., 277 App. Div. 346; Shass v. Abgold Realty Corp., 198 Misc. 1052; Tucci v. City of Syracuse, 207 Misc. 904.)
It is entirely possible that there may be some contractual liability created by agreement between the two defendants but there is nothing in the complaint or answer of either defendant or of the cross claim of the Syracuse Constructors, Inc., from which the court is able to determine such question.
I am of the opinion that the cross claim is insufficient under the provisions of section 264 of the Civil Practice Act and should *135 be dismissed. The motion of the defendant, New York Central Railroad Company is, therefore, granted, without costs, and with leave to the defendant, Syracuse Constructors, Inc., to serve an amended answer within 10 days of the entry of the order herein setting forth a good and sufficient cross claim against the defendant, New York Central Railroad Company.