Jacob J. Sohwartzwald, J.
Motion by the defendant Brooklyn Union Gas Co., to dismiss the cross complaint of the defendant Drakes. The original action is one to recover damages for personal injuries sustained by plaintiff, allegedly resulting from the explosion of a gas stove in her apartment. In substance the complaint alleges that the plaintiff is a tenant in a multiple dwelling owned by the defendant Drakes and that defendant Brooklyn Union Gas Co. serviced and made repairs to the gas stove in plaintiff’s apartment; that the explosion causing her injuries occurred through the negligence of the defendants in the management, operation and control of the premises and in carelessly and defectively making repairs to the gas stoves.
The cross complaint alleges that, if the injuries were sustained through the negligence of the defendants, the negligence was the active and primary negligence of the defendant Brooklyn Union Gas Co., “in carelessly, improperly and defectively making repairs to the gas stove, as alleged in the complaint, *831 without negligence on the part of the defendant Mabel Drakes contributing thereto.”
It is alleged by the movant that since defendant Drakes is required under section 78 of the Multiple Dwelling Law and section 277 of the Sanitary Code of the City of New York to keep all gas fixtures and appliances provided by her in good order and repair, the violation of that duty constitutes active primary negligence and further constitutes her an active tortfeasor and that an active tort-feasor may not have judgment over against another active tort-feasor as they are joint tortfeasors in pari delicto.
In Mandel v. Criares (1 A D 2d 830) a tenant was asphyxiated by the escape of gas from a gas refrigerator in the multiple dwelling. The third-party complaint alleged that the gas company for a consideration inspected and repaired the refrigerator and if gas escaped from it the gas company failed in its duty to properly inspect and repair the refrigerator; that if the injuries sustained “ were the result of the negligence and carelessness of someone other than himself it was a result of the primary active and actual negligence and carelessness of the third party defendant * * * in that the third party defendant Brooklyn Union Gas Co. * * * did make faulty, defective and negligent repairs to the refrigerator aforementioned.” In reversing the order denying the gas company’s motion to dismiss the third-party complaint the court said: “ Respondent is an active tort-feasor pursuant to section 78 of the Multiple Dwelling Law and her third-party complaint alleges no facts to establish the primary liability of the gas company but only the conclusory statement that any recovery by the plaintiff must be based on its negligence. As alleged in the third-party complaint, the gas company would be a tortfeasor in pari delicto * * *. In order to impose liability upon the gas company on any basis, whether in tort or in contract, all the essential facts which give rise to such liability must be set forth.”
And in Lichten v. Brooklyn Union Gas Co. (282 App. Div. 720) where plaintiff was injured in an explosion of a gas range a cross complaint by the landlord against the gas company which alleged that the injuries were sustained solely by reason of the affirmative, active and primary negligence of the gas company in that the company created, maintained and permitted the gas pipes, gas lines and gas conduits to be and remain in a dangerous condition so as to cause a leak or leaks in the gas range, the court said: “ The respondent [landlord] was under a statutory duty to maintain the gas pipes in the multiple *832 dwelling in good repair. (Multiple Dwelling Law § 78.) A similar duty is imposed by section 277 of the Sanitary Code of the City of New York. The complaint alleges that respondent is a joint tort-feasor. No fact is alleged in the complaint or in the cross complaint which tends to show that the gas company by agreement or conduct undertook to perform for respondent the legal duty which he owed to maintain the pipes and gas range in the dwelling in good repair. Neither is there statement of any fact tending to show that the respondent can be held for any negligent act of the appellant. (Shass v. Abgold Realty Corp., 277 App. Div. 346.) ”
The complaint herein charges the defendants to be tortfeasors in pari delicto. It contains no facts establishing that any defendant was only passively negligent. The cross complaint does not plead sufficient facts to impose liability on the gas company.
Accordingly, the motion is granted, with leave to the defendant Drakes, to serve an amended cross complaint within 10 days after service of the order to be entered hereon.
Submit order.