■ Ena I. Glasgow et al., Plaintiffs, v. Mabel Drakes, Appellant, and Brooklyn Union Gas Company, Respondent.— Action by a tenant in a multiple dwelling to recover damages for personal injuries alleged to have been received when a gas stove in her apartment exploded, and by her husband for medical expenses and loss of services against the owner of the building and Brooklyn Union Gas Company, which is alleged to have serviced the stove and to have made repairs thereto. The owner served a cross complaint for judgment over against the Gas Company alleging active negligence on its part in making repairs to the stove. The owner appeals from an order granting the Gas Company's motion to dismiss the cross complaint for insufficiency. Order affirmed, with $10 costs and disbursements. In our opinion, the Special Term was justified in holding that the cross complaint failed to set forth allegations other than charges that appellant and respondent were joint tortfeasors, actively negligent without charging that either was only passively negligent. The Special Term also properly held that the cross complaint stated insufficient facts to sustain a claim of indemnification by merely alleging that the accident was caused by the active and primary negligence of the respondent which had incompetently made repairs to the gas stove " as alleged in the complaint." As a matter of substantive law upon principles of indemnification as between a passive and active wrongdoer where plaintiff sues them both in negligence, the owner may, in a proper case, cross-claim against a codefendant rendering services in and about the premises, though the owner be charged with violation of a nondelegable duty to the plaintiff (Wisner v. Harmas Holding Corp., 1 A D 2d 957, motion for leave to appeal denied 1 A D 2d 1028, appeal dismissed 2 N Y 2d 855; Swanson v. 97 Fifth Ave. Corp., 141 N. Y. S. 2d 125, affd. 286 App. Div. 994, motion for reargument and leave to appeal denied 1 A D 2d 663; Sid v. Stokes Associates, 145 N. Y. S. 2d 368, 370; McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 328). As a matter of adjective law, however, the owner must affirmatively set forth allegations in his cross complaint, either expressly or by reference to the allegations in the main complaint, which, if proved, will establish his right to indemnification (D'Onofrio v. City of New York, 284 App. Div. 688, 690).

Allegations which are merely conclusory are insufficient to sustain a cross complaint (*Ling* v. *New York Cent. R. R. Co.*, 4 Misc 2d 132, 134). A cross complaint which seeks merely to fasten liability on a codefendant who appears to be an active joint tort-feasor fails to state facts sufficient to constitute a valid cause of action (*Steiner* v. *Elsand Properties*, 113 N. Y. S. 2d 51; *Messaro* v. *Long Is. R. R. Co.*, 274 App. Div. 939). In our opinion, the Special Term properly ruled that appellant failed to meet the burden of setting forth sufficient facts from which her right to indemnification could be spelled out. Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to deny the motion for dismissal of the cross complaint, with the following memorandum: The cross complaint, which refers to the allegations of the plaintiffs' complaint against appellant and respondent, is sufficient as a matter of pleading to establish that appellant may be held liable to the plaintiffs for passive negligence only and that respondent, from which she seeks indemnity, may not be held liable to plaintiffs except for active negligence. Under such circumstances, the question of liability as between the appellant and respondent should be left for determination on the trial. (Cf. *Portnoy* v. *United Engineers & Constructors*, 274 App. Div. 891.) [6 Misc 2d 830.]