FRANCES SCHLAUSKY, Respondent, *v.* CITY OF NEW YORK, Defendant; DIANE BUTTON CO., INC., Appellant-Respondent, and 252–258 WEST 37TH STREET CORP., Appellant. (Action No. 1.)

FRANCES SCHLAUSKY, Plaintiff, *v.* BUILDING SUPERVISION CORPORATION, Defendant. (Action No. 2.)

First Department, March 20, 1973.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *Harold M. Foster,* attorney), for appellant.

*Joseph D. Ahearn* of counsel (*J. Robert Morris,* attorney), for appellant-respondent.

*Raymond Val Wayne, Jr.,* of counsel (*O'Donnell & Schwartz,* attorneys), for respondent.

STEVENS, P. J. Plaintiff brought this action to recover damages for personal injuries suffered January 31, 1966, when,

according to plaintiff, she slipped and fell on ice and snow on the sidewalk in front of premises 252 West 37th Street. The premises are owned by appellant 252–258 West 37th Street Corp., and appellant-respondent Diane Button Co., Inc. (Diane) was a tenant in that portion of the premises fronting upon the area in which the accident occurred. Plaintiff charged defendants with having removed the snow in such a manner as to have increased the hazard to pedestrians, and permitted the sidewalk to remain in an icy, bumpy, uneven condition with ridges.

Plaintiff's description of the accident is set forth. " When I got to the place where I fell, I couldn't go through right next to the building because of the hand trucks. You had to go over further snow [sic]. It was pretty much clean by the building, but out toward the curb part it was pretty deep and it was packed down from people walking in it, and it was icy and dirty and bumpy and just walking along and all of a sudden you are down and couldn't get up anymore and that was it." Plaintiff testified that four or five feet from the building to the curb and street there was piled up snow " and part of it was down pretty hard from people walking. It was sort of a path made by the people. It was icy and dirty and lumpy from walking." It was in this path that plaintiff fell. The uncleared area, according to plaintiff, was approximately 6 feet by 6 feet.

In addition to appellants, plaintiff sued the City of New York and Building Supervision Corporation, the managing agent of the building. At the close of plaintiff's case, the action was dismissed as to the city on the ground that the snow had not been on the ground long enough to charge the city with liability for failure to remove it. The jury found no liability as to Building Supervision Corporation.

Plaintiff read into evidence, as part of plaintiff's case, the examinations before trial of Diane's president, the president of the owner of the building, and the superintendent of Building Supervision Corporation. The building is a 17-story loft building occupied by " all cloak and suiters ".

West 37th Street Corp. did not operate the building and had no employees on the job to clean up or sweep. This was done by its agent, Building Supervision Corporation.

The single issue is whether plaintiff established liability on the part of either or both appellants. It is concluded that plaintiff did not establish fault or any breach of duty owed by either.

The general rule is that it is the duty of a municipality to keep its sidewalks reasonably safe and reasonably free from snow and ice (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 416) **and**

the municipality may be held liable for the negligent failure to do so. (*Cannon* v. *Pfleider*, 19 A D 2d 625, 626; *Roark* v. *Hunting*, 24 N Y 2d 470, 475.) But it must appear that there was negligence in permitting the accumulation and that a dangerous condition was created and permitted to exist for such a period as would reasonably have afforded an opportunity to remedy the condition.

An abutting landowner may be held liable if the dangerous or unsafe condition was created by him. Otherwise there is no liability. A failure to get all of the ice or snow off of a sidewalk is not negligence (*Herrick* v. *Grand Union Co.*, 1 A D 2d 911). Plaintiff failed to prove that either of the appellants created a dangerous condition of snow and ice on the sidewalk. Some affirmative act of fault should be shown which increased the hazard (*Greenberg* v. *Woolworth Co.*, 18 Misc 2d 141, affd. 10 A D 2d 567; *Mathews* v. *Chili Ave. Garage*, 37 Misc 2d 609, affd. 18 A D 2d 882). The mere fact that Diane, as a tenant, obligated itself by lease provision to its landlord to clear the sidewalk does not create liability on its part to the plaintiff (*Henry* v. *Frankfurt*, 252 App. Div. 538, 539).

One other facet of this case should be noted. It was not established by plaintiff who owned the carts which obstructed the cleared way or who placed them there. If their presence created a dangerous obstacle, and it is not so held, it would have been incumbent upon plaintiff to fix the responsibility. This was not done.

The judgment entered August 11, 1971, in New York County, after jury trial (SCHWARTZ, J.) as appealed from, should be reversed on the law and the complaint dismissed without costs to either party.

KUPFERMAN, J. (dissenting in part). I would reverse and order a new trial.

Piling up the snow in one area with the concomitant obstruction with the carts in the cleared area, created a condition, which, with proper proof, could lead to a recovery for the plaintiff. (*Green* v. *Murray M. Rosenberg, Inc.*, 186 Misc. 79 [Sup. Ct., N. Y. County, 1944], affd. without opn. 269 App. Div. 819 [1st Dept., 1945], affd. without opn. 295 N. Y. 584.)

McGIVERN, LANE and CAPOZZOLI, JJ., concur with STEVENS, P. J.; KUPFERMAN, J., dissents in part in opinion.

Judgment, Supreme Court, New York County, entered on August 11, 1971, so far as appealed from reversed, on the law, and vacated, without costs and without disbursements, and the complaint dismissed.