■ VERA SACCO, Respondent, v CITY OF BUFFALO et al., Defendants, and LOBLAW, INC., et al., Appellants. — Order unanimously reversed, without costs, motions granted and complaint dismissed. Memorandum: Defendants, Loblaw, Inc., and Beneficial Finance Corporation appeal from an order denying their motions for summary judgment in their personal injury action. Plaintiff alleges that she was injured when she slipped on snow or ice that had accumulated on the sidewalk in front of the West Side Shopping Center on Ferry Street in the City of Buffalo. In a verified bill of particulars and at examination before trial plaintiff stated that the accident occurred at a point on the sidewalk some two feet from the entrance to the Beneficial Finance Corporation office. In their moving papers defendants have shown that that part of the sidewalk is on land owned by the City of Buffalo. Since the evidence establishes that the defendants did not own or control this property and the complaint makes no claim that defendants took any action to create the dangerous condition, plaintiff has failed to state a common-law cause of action *(Roark v Hunting,* 24 NY2d 470; see *Mandel v City of New York,* 44 NY2d 1004). Instead, on appeal plaintiff seeks relief by virtue of a City of Buffalo ordinance that directs "every owner or occupier of any premises on any public street to remove before 9:00 in the morning all snow and ice which may have fallen upon the sidewalk in front of said premises" (Buffalo City Code, ch 4, § 21). However, unless such a statute or ordinance clearly imposes liability "An abutting owner is not liable even though he fails to comply with a provision * * * charging him with removal of snow and ice" *(Roark v Hunting, supra,* p 475). Since the Buffalo ordinance does not impose tort liability for failure to comply with its provisions it does not aid plaintiff *(Lodato v Town of Oyster Bay,* 68 AD2d 904). (Appeal from order of Erie Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.