■ STATE OF NEW YORK et al., Respondents, v MONARCH CHEMICALS, INC., et al., Defendants, and LEE KNOWLES, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered October 1, 1981 in Broome County, which denied the motions of defendant Lee Knowles, Inc., to dismiss the complaint and for a more definite statement of the allegations in the complaint. This action, initiated by the State, the Town of Vestal and three of its water districts, was brought to abate a nuisance allegedly occasioned by contamination of the soil and ground water under premises owned by defendant Lee Knowles, Inc. (Knowles) in the town. Essentially, it is charged that defendant lessee Monarch Chemicals, Inc., handled and stored dangerous chemicals on the site, which seeped into the public water supply. Causes of action for negligently and intentionally creating and maintaining a public nuisance, trespass, and strict liability, among others, have been asserted against Knowles, Monarch Chemicals, Inc., and two other defendants. Knowles moved to dismiss the complaint, claiming that the absence of affirmative misconduct on its part relieved it of any potential liability. But the legal concepts governing a landlord's liability for its tenant's activities have been expanded to the point that a landlord may now be responsible for negligence in the selection of a tenant (*People v Scott,* 26 NY2d 286, 289) and also for the wrongdoing of the tenant when the landlord continues to exercise control over the premises (*People v Scott, supra,* p 290). Furthermore, a landowner is required to maintain his property in a reasonably safe condition in view of all the circumstances (*Basso v Miller,* 40 NY2d 233, 241). The record reflects the possibility that, after the lease was entered into, Knowles was made aware of the hazard of chemical seepage as a result of an engineer's investigation of the site, yet failed to take any precautions to prevent contamination of the ground water. Moreover, given that the lease contains a covenant to repair, and a right of re-entry exists, the extent of Knowles' continuing control of the site is also a matter for factual determination. Because at the very least a valid cause of action has been stated respecting negligent maintenance of a nuisance and the motion to dismiss is not directed at a particular cause of action, but to the entire complaint, denial of the motion is required (see *Brush v Olivo,* 81 AD2d 852). Defendant's contention that the Attorney-General lacks standing to bring this suit because an exhaustive procedure for abating water pollution is provided in the Environmental Conservation Law founders on the statute's "savings clause" which preserves the existing rights and remedies of the State to "abate any pollution" and "suppress nuisances" (ECL 17-1101). As for the argument that plaintiffs are estopped from pressing this action because the State granted defendant's lessee a SPDES permit, we are foreclosed from considering it for it was not raised at Special Term (*Matter of Van Wormer v Leversee,* 87 AD2d 942). And any suggestion that Federal statutory law has pre-empted State prosecution of the claimed public nuisance runs counter to the Toxic Substances Control Act (US Code, tit 15, § 2617, subd [a], par [1]), the Safe Drinking Water Act (US Code, tit 42, § 300g-2, subd [a]) and the Resource Recovery and Conservation Act of 1976 (US Code, tit 42, § 6901, subd [a], par [4]). None of these acts discloses a clear and manifest congressional intention to oust State responsibility for enforcement in these areas. Finally, since an

appeal as a matter of right from the denial of defendant's motion for a more definite statement is unavailable and permission to appeal was not secured (see CPLR 5701, subd [b], par 2; subd [c]), that portion of defendant's appeal must be dismissed. Appeal from order insofar as it denied the motion of defendant Lee Knowles, Inc., for a more definite statement of the allegations of the complaint, dismissed, without costs; order, in all other respects, affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur. [111 Misc 2d 343.]