■ ALAN J. ORCUTT, Appellant, v AMERICAN LINEN SUPPLY COMPANY, Respondent, et al., Defendant. AMERICAN LINEN SUPPLY COMPANY, Third-Party Plaintiff-Respondent, v ALLIED ELECTRIC COMPANY, INC., Third-Party Defendant-Respondent, and TAYLOR RENTAL CENTER, INC., et al., Third-Party Defendants-Respondents-Appellants. [623 NYS2d 457] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability under Labor Law § 240. The court denied the motion without prejudice to renew "after a reasonable time for discovery on the issue of causation." The court properly found that plaintiff met his burden of proving a violation of Labor Law § 240 and that the violation was a proximate cause of his injuries. It is undisputed that plaintiff, who was operating a man-lift and was about 30 feet from the ground, was working at an elevated work site, that there were

no barricades or warnings around the holes in the floor, and that plaintiff fell when he drove the man-lift into a hole. Plaintiff's act of driving the man-lift into the hole was a " 'foreseeable consequence of the situation created by the defendant's negligence' " *(Boshart v City of Buffalo,* 185 AD2d 706, 707, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562). American Linen Supply Company (defendant) failed to raise a triable issue of fact concerning proximate cause or to show how further discovery would affect plaintiff's entitlement to summary judgment. Defendant's argument that further discovery is needed relates to the liability of defendants and third-party defendants.

We conclude that the court properly denied the motions of third-party defendants Taylor Rental Center, Inc., and Strato-Lift, Inc., for summary judgment dismissing the third-party complaint, but for a different reason. Neither movant submitted any evidentiary proof in admissible form to show that the man-lift was not defective or dangerous, and thus the movants failed to meet their initial burdens. A moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof *(Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Labor Law § 240.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.