■ FLORENCIA JIMENEZ et al., Appellants, v EUGENE CUMMINGS et al., Respondents. [640 NYS2d 61] —Order of the Supreme Court, New York County (Joan Lobis, J.), entered February 1, 1995, which granted defendants' motion for summary judgment, unanimously reversed, on the law, without costs, and the motion denied.

The complaint alleges that plaintiff Florencia Jimenez sustained a broken ankle when she slipped and fell on a patch of ice covered with light snow while walking her dog in front of premises owned by defendants and located at 230 Seaman Avenue in New York County. The complaint, as amplified by plaintiffs' amended verified bill of particulars, further alleges that defendants or their agent negligently cleared snow from the sidewalk, thereby causing a dangerous condition.

Defendants' motion is predicated on the proposition that "an owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his premises" (*Stewart v Haleviym*, 186 AD2d 731) and therefore, to incur liability, the owner's snow-removal attempt must have made the sidewalk more dangerous (*supra*; *Schlausky v City of New York*, 41 AD2d 156, 158). It is alleged that plaintiffs have presented no evidence to demonstrate that the hazard was augmented by any action attributable to defendants. However, their motion is supported only by the affirmations of defense counsel, copies of the pleadings, and Ms. Jimenez's deposition testimony. In opposition, plaintiffs note that defendants' superintendent had attempted to clear the sidewalk and that Ms. Jimenez fell in the area from which she claims the snow had been negligently removed. Therefore, they contend, issues of fact concerning defendants' negligence are presented, and the matter is inappropriate for summary disposition.

Supreme Court granted defendants' motion. The court reasoned: "Plaintiff has failed to come forward with any proof that would establish liability against the landlord for this accident which occurred on a public sidewalk after a snow fall. *See Bonfrisco v. Marlib Corp.*, 24 N.Y.2d 817 (1969); *Connolly v. Bursch*, 149 A.D. 772 (2d Dep't 1912)."

Because defendants' motion is unsupported by competent evidence and because, in any event, the case presents issues of fact, resolution of this matter must await trial. As stated in

*Hasbrouck v City of Gloversville* (102 AD2d 905, *affd* 63 NY2d 916), "an affidavit of an attorney who does not have personal knowledge of the facts is probatively valueless, both procedurally and substantially, and should be disregarded" (citing *Amsterdam Mem. Hosp. v Bardascino*, 84 AD2d 590; cf., *Zuckerman v City of New York*, 49 NY2d 557, 563 [attorney's affidavit acceptable vehicle for submission of documentary evidence]). Regarding the factual question, this Court has noted: "The test on a motion for summary judgment is whether the pleadings raise a triable issue of fact (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Di Sabato v Soffes*, 9 AD2d 297, 300). The function of the court is one of issue finding not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732). The credibility of the parties is not a proper consideration for the court (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341), and statements made in opposition to the motion must be accepted as true (*Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415; *Cohn v Lionel Corp.*, 21 NY2d 559, 562)" (*Creighton v Milbauer*, 191 AD2d 162, 166).

Analyzed from this perspective, the various submissions are sufficient to establish, for the purpose of the motion, that it snowed the day before Ms. Jimenez fell (which is conceded in defendants' reply affidavit) and, as alleged in the verified complaint and plaintiffs' bill of particulars, that it was the negligent snow removal effort by defendants' agent which caused plaintiff Florencia Jimenez to slip and fall on the ice. Thus, even according evidentiary value to defense counsel's affidavits, a clear issue of fact is presented with respect to defendants' responsibility for the existence of the hazardous condition, and summary judgment must be denied (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.