■ MAJID MUHAMMAD et al., Appellants, v DONALD BUCK-NOR et al., Respondents. [644 NYS2d 244]

Plaintiffs are a married couple that live in the Harbor House apartment complex in Far Rockaway, Queens, owned and operated by Albert H. Sims Co., Inc., Kay Management Group, Inc. and the Kay Organization, Inc. (known hereafter as "Harbor House" defendants). Plaintiffs brought this action alleging that in April 1992, another tenant, nonappearing defendant Donald Bucknor, repaired and spray-painted his automobile in a garage directly under plaintiffs' apartment. Plaintiffs complained to the superintendent Malave of the noxious fumes and noise, but asserted that Malave not only did not act on their complaints but assisted Bucknor by furnishing him water and electrical lines. In May 1992, Donald Bucknor and his son Derrick allegedly assaulted plaintiff Muhammad.

In this action, plaintiffs alleged battery and the intentional infliction of emotional distress against the Bucknor defendants, who defaulted. The causes of action asserted against the Harbor House defendants were breach of contract, negligence and breach of the warranty of habitability. Malave was sued on the basis of negligence. The IAS Court dismissed all the causes of action against Malave and the Harbor House defendants except the one based on breach of the warranty of habitability.

In the breach of contract cause of action, plaintiffs asserted that the lease between the Harbor House defendants and Donald Bucknor proscribed certain car repair and maintenance work in the garage which was harmful to other tenants and that they were third-party beneficiaries of this agreement. Upon the motion herein, the defendants not only failed to show why this theory was not viable, they did not even address the issue. The IAS Court should have, therefore, denied the motion as to this claim. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to elimi-

nate any material issues of fact from the case (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers [citations omitted]." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853.)

Likewise, while the negligence claims against defendants based upon the Bucknors' assault were properly dismissed, the IAS Court should have denied defendants' cross-motion with respect to that aspect of plaintiffs' negligence claim which alleged that Malave, as the Harbor House defendants' agent, helped create the health hazards emanating from the Bucknor garage. With respect to this theory of negligence, defendants simply submitted Malave's affidavit denying plaintiffs' allegations that he did help Bucknor. This created an issue of fact instead of eliminating an issue (*supra*). Moreover, defendants failed to demonstrate by evidentiary means that the garage area was not under their control, as plaintiffs alleged. The legal concepts concerning a landlord's liability for a tenant's activities have been expanded to the point where a landlord may be responsible for the wrongdoing of a tenant when the landlord continues to exercise control over the premises (*State of New York v Monarch Chems.*, 90 AD2d 907, citing *People v Scott*, 26 NY2d 286, 290). Thus, factual issues were raised, and summary judgment should have been denied with respect to this theory of negligence asserted against defendants.

Finally, the IAS Court did not abuse its discretion in declining to impose sanctions on defendants for their failure to respond to interrogatories. However, we modify the order of the IAS Court to direct defendants to serve responsive answers to all of the interrogatories since, when viewed as a whole, the interrogatories relate to the negligence, breach of contract and breach of warranty of habitability claims which have been sustained. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.