■ LEEQUISHA JACOBS, Plaintiff, v JOSEPH M. PASQUALE, et al., Defendants. JOSEPH M. PASQUALE, Third-Party Plaintiff-Respondent, v SHEEHAN MEMORIAL HOSPITAL, Third-Party Defendant-Appellant. [721 NYS2d 887] —Order unanimously reversed on the law without costs, motion granted and third-party complaint dismissed. Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she was struck by a vehicle driven by defendant Joseph Washington. Washington's vehicle had collided with a vehicle driven by defendant Joseph M. Pasquale. Plaintiff had been walking in the street because the sidewalk was snow-covered. Pasquale commenced a third-party action against third-party defendant, Sheehan Memorial Hospital (Hospital), the owner

of the property abutting the sidewalk. The third-party action sought indemnification and/or contribution from the Hospital, alleging that the injury to plaintiff resulted from the Hospital's culpable conduct. Supreme Court erred in denying the Hospital's motion for summary judgment dismissing the third-party complaint. " 'As a general rule it is only the municipality which may be held liable for the negligent failure to remove snow and ice from a public sidewalk * * *, unless a charter, statute or an ordinance clearly imposes liability upon the owner in favor the injured pedestrian' " (*Roark v Hunting*, 24 NY2d 470, 475). Although Buffalo City Code § 413-50 (A) requires "every owner or occupant of any premises abutting any public street to remove, before 9:00 A.M., all snow and ice which may have fallen upon the sidewalk abutting said premises," that section does not impose liability on the owner in favor of an injured pedestrian (*see, Sacco v City of Buffalo*, 78 AD2d 1000). Although the Hospital may be liable if it created the dangerous condition by its snow removal efforts (*see, Jimenez v Cummings*, 226 AD2d 112; *Stewart v Haleviym*, 186 AD2d 731, 731-732), here, the Hospital met its burden of establishing that it did not create a dangerous condition, and Pasquale failed to raise a triable issue of fact. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.