■ OLGA ROUSSEAU, Respondent, v JAMES GUGLIUZZA et al., Appellants. [727 NYS2d 570] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendant James Gugliuzza seeking summary judgment dismissing the complaint against him and sanctions. The court also properly denied the motion of defendant David Gugliuzza, James' brother, seeking summary judgment dismissing the complaint against him. Plaintiff commenced this action seeking damages for injuries that she sustained when she slipped and fell on an unshoveled walkway at the side of her apartment building. She rented her apartment from James, the out-of-possession landlord of the two-story, two-apartment home. David was the other tenant.

James contends that, as an out-of-possession landlord, he was not liable for injuries that occurred on his premises. We agree with plaintiff, however, that there is an issue of fact whether James by his course of conduct assumed responsibility to maintain any portion of the premises (*see, Del Giacco v Noteworthy Co.*, 175 AD2d 516, 518; *see also, Regensdorfer v Central Buffalo Project Corp.*, 247 AD2d 931, 932). According to plaintiff, James performed repairs, maintained the lawn and shrubbery, replaced the garage roof, and painted the house, and James testified at his deposition that he may have assisted David in clearing snow from the property. With respect

to David, we conclude that his deposition testimony that he shoveled the driveway and walkways on the property and the deposition testimony of James that snow removal was the responsibility of the tenants raises a triable issue of fact with respect to David's, duty, if any, to clear the walkway of snow (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562; *Brown v Aurora Sys.*, 283 AD2d 956).

Defendants each contend that, even assuming that they had a duty to clear the walkway of snow, they lacked actual or constructive notice of the allegedly dangerous condition and that, because a reasonable period of time had not elapsed following the storm, they were not responsible for the failure to remove the· snow. We conclude that the evidence submitted regarding the storm on the day of plaintiff's fall raises issues of fact whether defendants had actual or constructive notice of the allegedly dangerous condition or whether a reasonable period of time had elapsed after the storm (*see, Gilmartin v Tempestoso*, 273 AD2d 875; *Laster v Port Auth.*, 251 AD2d 204, 205, *lv denied* 92 NY2d 812; *Cerra v Perk Dev.*, 197 AD2d 851). (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.