Marcus J. Swimm et al., Respondents-Appellants, v Douglas Bratt, Appellant-Respondent. [789 NYS2d 792]—

Appeal and cross appeal from an order of the Supreme Court,

Onondaga County (Anthony J. Paris, J.), entered January 8, 2004. The order denied the motion of defendant for summary judgment or, in the alternative, for bifurcation of the trial and precluded plaintiffs from using two affidavits in opposition to defendant's motion for summary judgment.

It is hereby ordered that said cross appeal be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Marcus J. Swimm (plaintiff) when he slipped and fell on ice that had accumulated in defendant's driveway. Defendant moved for summary judgment dismissing the complaint or, in the alternative, for bifurcation of the trial. We conclude that Supreme Court properly denied defendant's motion. Assuming, arguendo, that defendant met his burden of establishing that plaintiff fell during a storm in progress (*see Baehre v Sagamore Resort Hotel*, 4 AD3d 810, 811 [2004]; *Williams v Geneva B. Scruggs Community Health Care Ctr.*, 255 AD2d 982 [1998]), we conclude that plaintiffs raised a triable issue of fact whether plaintiff slipped on ice that had accumulated prior to the storm (*see Pacelli v Pinsley*, 267 AD2d 706, 707-708 [1999]; *cf. Bertram v SV Danco Corp.*, 300 AD2d 1108, 1109 [2002]; *Stalker v Crestview Cadillac Corp.*, 284 AD2d 977, 978 [2001]).

Contrary to the contention of defendant, he did not meet his initial burden of establishing that a dangerous condition did not exist or that he lacked notice of it. It is well established that "[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]; *see Aldrich v County of Oneida*, 299 AD2d 938, 939 [2002]).

Contrary to the further contention of defendant, the court did not abuse its discretion in denying that part of his motion seeking bifurcation of the trial inasmuch as " 'the liability issue presented herein is uncomplicated and . . . a trial on both liability and damages would be brief' " (*Zielinski v Van Pelt* [appeal No. 2], 9 AD3d 874, 875 [2004], quoting *Di Pirro v Thompson*, 289 AD2d 1025, 1026 [2001]; *see Mazur v Mazur*, 288 AD2d 945, 946 [2001]).

Plaintiffs are not aggrieved by the order and thus their cross appeal must be dismissed (*see* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]). In any event, the issue whether the court

erred in disregarding two affidavits submitted in opposition to defendant's motion is now moot because we affirm the order denying defendant's motion. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.