■ DONNA WILLIAMS, Appellant, v JUDITH A. PATRICK, as Executor of ROBERT A. PATRICK, Deceased, Doing Business as PATRICK FUNERAL HOME, et al., Respondents. [816 NYS2d 640]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered March 7, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained when she slipped and fell on the sidewalk in front of defendants' premises. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law and, in any event, plaintiff raised triable issues of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In particular, there are triable issues of fact concerning whether defendants owned the sidewalk and, if not, whether their special use of the sidewalk in maintaining a canopy over it

brings them within the exception to the general rule of nonliability for owners of property abutting a public sidewalk (*see Hunter v City of New York*, 23 AD3d 223, 224 [2005]; *Deans v City of Buffalo*, 181 AD2d 1015 [1992]; *Du Pont v Town of Horseheads*, 163 AD2d 643, 645-646 [1990]). In addition, there is a triable issue of fact concerning whether defendants may be held liable based on their alleged assumption of a duty of care with respect to the sidewalk, which likewise would bring them under an exception to that general rule of nonliability (*see generally Genen v Metro-North Commuter R.R.*, 261 AD2d 211, 214-215 [1999]; *Jiuz v City of New York*, 244 AD2d 298 [1997]; *Keane v City of New York*, 208 AD2d 457 [1994]). There also are triable issues of fact concerning whether a storm was in progress at or near the time of plaintiff's accident (*see Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595 [2004]; *LaDue v G & A Group*, 241 AD2d 791, 792 [1997]) and whether plaintiff slipped on ice that had accumulated prior to the most recent storm (*see Swimm v Bratt*, 15 AD3d 976 [2005]; *Pacelli v Pinsley*, 267 AD2d 706, 707-708 [1999]). Additionally, there are triable issues of fact concerning whether defendants affirmatively created or exacerbated the icy condition (*see Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 338 [2004]; *Jimenez v Cummings*, 226 AD2d 112 [1996]) or had either actual or constructive notice of it (*see Sweeney v Lopez*, 16 AD3d 1174, 1175 [2005]; *Rousseau v Gugliuzza*, 285 AD2d 993, 994 [2001]).

Finally, we conclude that defendants did not meet their initial burden of establishing that the lighting conditions in the vicinity were adequate or that plaintiff's accident was not caused by the alleged lack of adequate lighting (*see Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]; *see also Green v New York City Hous. Auth.*, 7 AD3d 287, 288 [2004]), and plaintiff in any event raised triable issues of fact with respect to the lighting (*see Rigney v Healy*, 271 AD2d 426 [2000]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.