■ Gloria Allen et al., Appellants, v General Electric Company et al., Respondents. (Appeal No. 3.) [821 NYS2d 692]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered October 27, 2005. The order denied that part of plaintiffs' motion seeking leave to renew, granted in part that part of plaintiffs' motion seeking leave to reargue and, upon reargument, adhered to the court's prior determination.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [1990]) and the order is modified on the law by denying in its entirety the motion for summary judgment dismissing the claims for medical monitoring expenses and reinstating the claims of the 28 plaintiffs set forth in the order entered June 28, 2005 and denying the motions for summary judgment dismissing the claims of plaintiffs Suzanne Sullivan and Raymond Prest and reinstating those claims and as modified the order is affirmed without costs.

Memorandum: This action was commenced to recover damages for personal injuries or property damage that allegedly resulted from the discharge of toxic chemicals into the environment from an industrial plant formerly operated by defendants. These appeals concern claims for medical monitoring expenses

(medical monitoring claims) asserted by or on behalf of 30 individuals, 28 of whom (medical monitoring plaintiffs) allege that they were exposed to the toxins but exhibit no present illness or injury as a result of that exposure. The other two individuals, plaintiffs Suzanne Sullivan and Raymond Prest, seek medical monitoring expenses, and those two individuals and a third individual, plaintiff Lori Post-Seiler (Seiler), also seek damages for a current disease or medical condition allegedly resulting from their alleged exposure to the toxins.

In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted defendants' various motions insofar as they sought summary judgment dismissing the medical monitoring claims, including those asserted by Sullivan and Prest, and dismissed the present cancer claims of Sullivan and Prest. Defendants cross-appeal from the order in appeal No. 1 insofar as it, inter alia, denied that part of their motion for summary judgment dismissing Seiler's claims for damages for neurological impairment and skin conditions. In appeal No. 2, plaintiffs appeal from a "supplemental order" that, inter alia, set forth the names of the 28 medical monitoring plaintiffs whose claims were dismissed. In appeal No. 3, plaintiffs appeal from an order that, inter alia, denied that part of their motion seeking leave to renew. Supreme Court denied leave to renew on the ground that the allegedly new expert evidence submitted by plaintiffs could have been submitted on the earlier motions, and plaintiffs contend that the court erred in doing so. Plaintiffs also sought leave to reargue, and the court granted leave to reargue in part and adhered to its prior determination dismissing all claims of Sullivan and Prest, including their medical monitoring claims, and dismissing the claims of the medical monitoring plaintiffs. Plaintiffs contend on appeal that the court should have granted that part of their motion for leave to reargue in its entirety, and they further contend that the court erred, insofar as it granted reargument, in adhering to its prior determination with respect to all claims of Sullivan and Prest and the medical monitoring plaintiffs.

The only part of the order in appeal No. 1 that is properly before us is that pertaining to defendants' cross appeal. We conclude that the court properly denied that part of defendants' motion insofar as it sought summary judgment dismissing Seiler's claims for neurological impairment and skin conditions. In the absence of expert opinion evidence, defendants failed to establish as a matter of law that Seiler's conditions are not attributable to toxic contamination from defendants' plant (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562

[1980]). Given our resolution of plaintiffs' contentions with respect to the order in appeal No. 3, we do not address the remaining contention raised by defendants on their cross appeal.

We dismiss plaintiffs' appeal from the order in appeal No. 1 because that part of the order concerning the claims of the medical monitoring plaintiffs is superseded by the supplemental order in appeal No. 2, which is in effect an amended order (*see Matter of Eric D.* [appeal No. 1], 162 AD2d 1051 [1990]), whereas those parts of the order concerning the claims of Sullivan and Prest, including their medical monitoring claims, are superseded by that part of the order in appeal No. 3 granting leave to reargue in part (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We likewise dismiss plaintiffs' appeal from the order in appeal No. 2 because that order also is superseded by that part of the order in appeal No. 3 granting leave to reargue in part (*see id.*). Thus, plaintiffs' appeal properly lies from the order in appeal No. 3.

In appeal No. 3, we conclude that the court erred in adhering to its prior determination granting defendants' motion for summary judgment dismissing the claims of the medical monitoring plaintiffs. In order to recover "medical monitoring costs following exposure to a toxic substance . . . , a plaintiff must establish both that he or she was in fact exposed to the disease-causing agent and that there is a 'rational basis' for his or her fear of contracting the disease . . . . This 'rational basis' has been construed to mean the clinically demonstrable presence of [the toxic substance] in the plaintiff's body, or some indication of [toxin]-induced disease, i.e., some physical manifestation of [toxic] contamination" (*Abusio v Consolidated Edison Co. of N.Y.*, 238 AD2d 454, 454-455 [1997], *lv denied* 90 NY2d 806 [1997]; *see Askey v Occidental Chem. Corp.*, 102 AD2d 130, 136-137 [1984]). In order to meet their burden of establishing their entitlement to summary judgment dismissing those claims, defendants had to present evidence that "affirmatively establish[ed] the merits of [their] . . . defense and [could] not meet [their] burden by noting gaps in [their] opponent [s'] proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]; *see Swimm v Bratt*, 15 AD3d 976, 977 [2005]). Thus, defendants were required to submit evidence in admissible form establishing that the medical monitoring plaintiffs were not exposed to the disease-causing agent or that there is no rational basis for their fear of contracting the disease (*see generally Zuckerman*, 49 NY2d at 562).

In dismissing the claims of the medical monitoring plaintiffs, the court relied upon an uncertified, unsworn document that

purported to compare the rates of certain types of cancer in the neighborhood allegedly affected by the toxins with the rates of those types of cancer throughout the state. Even assuming, arguendo, that the document is evidence in admissible form, we conclude that there is nothing in the record to establish its reliability. Indeed, the document itself sets forth only that the Cancer Registry, upon which the document's analysis is based, "has been certified as over 95% complete." In addition, the document appears to compare cancer rates using the addresses that all patients in the survey gave at the time of their hospital admissions, and thus the document is of no relevance in determining whether the medical monitoring plaintiffs, who lived at the relevant addresses 20 to 40 years ago, were at greater risk of developing those types of cancer. Because defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law, we do not address the sufficiency of plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

We also agree with plaintiffs that the court erred in adhering to its prior determination granting defendants' motions for summary judgment dismissing the claims of Sullivan and Prest, including their medical monitoring claims. Assuming, arguendo, that defendants sustained their initial burden of demonstrating a lack of causal relationship between their alleged contamination of the neighborhood and the cancerous conditions of Sullivan and Prest, we conclude that plaintiffs raised a triable issue of fact with respect to causation (see Miceli v Purex Corp., 84 AD2d 562 [1981]; see also Kless v Paul T.S. Lee, M.D., P.C., 19 AD3d 1083, 1084 [2005]; Anderson v Lamaute, 306 AD2d 232, 233-234 [2003]). Plaintiffs' experts averred to a reasonable degree of scientific certainty that Sullivan's and Prest's chronic exposure to high levels of particular toxins caused or contributed to the cancerous conditions of those plaintiffs. "The motion papers presented a credibility battle between the parties' experts [with respect to causation], and issues of credibility are properly left to a jury for its resolution" (Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624 [2003]; see Potter v Polozie, 303 AD2d 943, 944 [2003]; see also Patton v Matusick, Spadafora & Verrastro [appeal No. 2], 16 AD3d 1072, 1074 [2005]).

We therefore modify the order in appeal No. 3 by denying in its entirety defendants' motion for summary judgment dismissing the medical monitoring claims and reinstating the claims of the medical monitoring plaintiffs and denying defendants' motions for summary judgment dismissing the claims of Sullivan and Prest and reinstating those claims. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.