■ Andrew Fuller, Respondent, v Ryder Truck Rental, Inc., Appellant. [824 NYS2d 854]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered January 31, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when he slipped while climbing into the back of a refrigeration truck and fell from the truck. The truck was owned by defendant and leased to plaintiff's employer. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted only that part of defendant's motion with respect to the breach of express warranty claim. We reject defendant's contention that the court should have granted the motion in its entirety. We note at the outset that defendant, as the movant, "must affirmatively establish the merits of its . . . defense[s] and [can]not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]).

With respect to the negligence cause of action, the record establishes that defendant entered into an exclusive and comprehensive maintenance contract for the truck, and thus defendant assumed a duty to act with reasonable care toward the driver of the truck (*see generally Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584-587 [1994]). Defendant failed to meet its initial burden of establishing, inter alia, that the allegedly dangerous condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit defendant to discover and remedy it (*see Librandi v Stop & Shop Food Stores, Inc.*, 7 AD3d 679, 679-680 [2004]; *Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]). With respect to the strict products liability cause of action, defendant failed to meet its burden of establishing that there are

normal circumstances of use in which the truck would not be unreasonably dangerous without the optional safety features that allegedly were required (*see Beemer v Deere & Co.*, 17 AD3d 1097, 1098 [2005]; *see generally Scarangella v Thomas Built Buses*, 93 NY2d 655, 661 [1999]). Finally, defendant does not address on appeal the court's denial of that part of its motion with respect to the breach of implied warranty claim and thus is deemed to have abandoned any contention with respect thereto (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.