■ BARBARA J. HIGGINS et al., Appellants, v WILLIAM A. POPE et al., Respondents, et al., Defendants. [829 NYS2d 326]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered November 18, 2005 in a personal injury action. The order granted the motion of defendants William A. Pope and Jeffrey A. Pope for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint and cross claims

against defendants William A. Pope and Jeffrey A. Pope are reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Barbara J. Higgins (plaintiff) when the vehicle she was operating was rear-ended, first by a vehicle operated by William A. Pope and owned by Jeffrey A. Pope (defendants) and then by a vehicle operated by defendant Keith V. Phillips. Supreme Court erred in granting the motion of defendants for summary judgment dismissing the complaint and cross claims against them. Defendants contended in support of their motion that there was "simply no proof" that plaintiff's injuries resulted from the initial impact between their vehicle and plaintiff's vehicle. Defendants based their motion on the theory that the impact between their vehicle and plaintiff's vehicle was " 'very light' " and thus could not have caused plaintiff's injuries, but defendants offered no scientific or medical evidence to support that theory. It is well settled that, in moving for summary judgment, defendants "must affirmatively establish the merits of [their] . . . defense and [can]not meet [their] burden by noting gaps in [their] opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]; *see Fuller v Ryder Truck Rental, Inc.*, 34 AD3d 1325 [2006]; *Allen v General Elec. Co.*, 32 AD3d 1163, 1165 [2006]). Defendants failed to establish as a matter of law that the impact between their vehicle and plaintiff's vehicle did not cause plaintiff's injuries (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.