# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**717**

**CA 10-02322**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

DORIS BAITY, ET AL.,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                            MEMORANDUM AND ORDER

GENERAL ELECTRIC COMPANY,
DEFENDANT-APPELLANT-RESPONDENT.

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (S. PAUL BATTAGLIA OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT.

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered October 18, 2010. The order denied the motion of defendant for summary judgment and denied the cross motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover for damages to their property arising from the discharge of toxic chemicals into the ground from an industrial plant formerly operated by defendant, as well as medical monitoring costs associated therewith. Plaintiffs asserted causes of action for, inter alia, negligence, public nuisance and trespass. Defendant contends on appeal that Supreme Court erred in denying its motion for summary judgment dismissing the second amended complaint, and plaintiffs contend on their cross appeal that the court erred in denying their cross motion for partial summary judgment on the issue of the source of the groundwater contamination of their real property. We affirm.

Before 1968, defendant used trichloroethylene (TCE) to clean metal parts at its plant and disposed of the waste containing TCE by placing it in unlined earthen evaporation pits. It is undisputed that plaintiffs' drinking water wells were contaminated with TCE and its degradation products, i.e., dichloroethylene and vinyl chloride. Groundwater at defendant's plant site was also found to contain TCE. According to plaintiffs, their last exposure to any of those toxins occurred in the year 2000. It is also undisputed that plaintiffs have not to date manifested any disease as a result of their alleged exposure to the toxins. In addition, the parties agree that the

toxins are rapidly excreted by the human body and thus cannot be detected in plaintiffs' bodies by any recognized scientific or medical test or examination. Nevertheless, with respect to that part of its motion for summary judgment dismissing the claims for medical monitoring costs, defendant assumed, without conceding, that plaintiffs had been exposed to the toxins through the use of their contaminated water wells. Defendant's expert toxicologist also assumed but did not concede that TCE, "in a sufficient dose, might pose a carcinogenic risk to humans."

In support of its motion, defendant relied on language that appears in our decision in *Allen v General Elec. Co.* (32 AD3d 1163) in contending that plaintiffs "must establish both that [they were] in fact exposed to the disease-causing agent and that there is a rational basis for [their] fear of contracting the disease" (*id*. at 1165 [internal quotation marks omitted]; *see Abusio v Consolidated Edison Co. of N.Y.*, 238 AD2d 454, 454-455, *lv denied* 90 NY2d 806). Defendant, however, offered no affirmative evidence establishing that plaintiffs' alleged exposure to TCE was not capable of causing cancer or that plaintiffs were not exposed to sufficient levels of TCE to cause cancer (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448, *rearg denied* 8 NY3d 828). Indeed, defendant merely asserted, e.g., that "plaintiffs cannot and do not have admissible proof," and that "plaintiffs[] have insufficient evidence."

We conclude that the court properly denied that part of defendant's motion for summary judgment dismissing the claims for medical monitoring costs. We note at the outset that plaintiffs do not seek damages for emotional distress based upon their "fear of developing cancer" (*Wolff v A-One Oil*, 216 AD2d 291, 292, *lv dismissed* 87 NY2d 968; *see Conway v Brooklyn Union Gas Co.*, 189 AD2d 851). Rather, plaintiffs' "theory of liability [for medical monitoring damages] grows out of the invasion of the body by the foreign substance, with the assumption being that the substance acts immediately upon the body[,] setting in motion the forces [that] eventually result in disease" (*Askey v Occidental Chem. Corp.*, 102 AD2d 130, 136). Under that theory, "defendant is liable for 'reasonably anticipated' consequential damages [that] may flow later from that invasion although the invasion itself is 'an injury too slight to be noticed at the time it is inflicted' " (*id.; see Schmidt v Merchants Despatch Transp. Co.*, 270 NY 287, 300-301). Thus, contrary to defendant's contention, in order to establish its entitlement to judgment as a matter of law dismissing the claims for medical monitoring costs, defendant was required to "establish with a degree of reasonable medical certainty through expert testimony . . . that such expenditures are [not] 'reasonably anticipated' to be incurred by reason of [plaintiffs'] exposure" to TCE (*Askey*, 102 AD2d at 137). To the extent that our decision in *Allen* holds otherwise, it is no longer to be followed.

It is well established that "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent[s'] proof" (*Orcutt v*

*American Linen Supply Co.*, 212 AD2d 979, 980; *see Swimm v Bratt*, 15 AD3d 976, 977).  Here, defendant failed to submit any evidence establishing to a reasonable degree of medical certainty that the costs of future medical monitoring are not reasonably likely to be incurred as a result of plaintiffs' exposure to TCE (*cf. Hellert v Town of Hamburg*, 50 AD3d 1481, 1482, *lv denied* 11 NY3d 702).

We reject defendant's further contention that the court erred in denying that part of its motion for summary judgment dismissing the "claim" for punitive damages.  First, although the complaint alleges reckless conduct sufficient to support an award of punitive damages, it does not in fact assert such a claim.  Second, in any event, defendant failed to submit evidence entitling it to that relief inasmuch as, with respect thereto, defendant submitted only an attorney's affidavit containing a conclusory footnote, which had no evidentiary value.  Third, we note that the determination whether a plaintiff is entitled to an award of punitive damages "should 'reside in the sound discretion of the original trier of the facts,' " i.e., at the time of trial (*Fordham-Coleman v National Fuel Gas Distrib. Corp.*, 42 AD3d 106, 114, quoting *Nardelli v Stamberg*, 44 NY2d 500, 503).

We reject defendant's contention that its disposal of TCE on its property prior to 1968 was not negligent as a matter of law and thus that the court should have granted that part of its motion for summary judgment dismissing the negligence cause of action.  The statements of defendant's experts that defendant "comported with industry standards [do] not establish as a matter of law that [defendant] was not negligent" (*Gardner v Honda Motor Co.*, 214 AD2d 1024, 1024; *see Trimarco v Klein*, 56 NY2d 98, 106-107).  Moreover, "[i]rrespective of the absence of a statutory [or regulatory] obligation, [defendant] remain[ed] subject to [its] common-law duty" (*Jacqueline S. v City of New York*, 81 NY2d 288, 293, *rearg denied* 82 NY2d 749; *see also Mercogliano v Sears, Roebuck & Co.*, 303 AD2d 566).  Inasmuch as defendant failed to submit sufficient evidence establishing its entitlement to judgment as a matter of law, the court properly denied that part of the motion with respect to the negligence cause of action, regardless of the sufficiency of plaintiffs' opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  We reject defendant's further contention that the court erred in denying that part of its motion for summary judgment dismissing the cause of action for trespass.  We conclude that there are triable issues of fact whether defendant had "good reason to know or expect" that the toxins would pass from its industrial plant to plaintiffs' property (*Phillips v Sun Oil Co.*, 307 NY 328, 331; *see Hilltop Nyack Corp. v TRMI Holdings*, 264 AD2d 503, 505).

With respect to that part of defendant's motion for summary judgment dismissing the public nuisance cause of action, it is well settled that the seepage of chemical wastes into a public water supply constitutes a public nuisance (*see generally Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568, *rearg denied* 42 NY2d 1102; *State of New York v Monarch Chems.*, 90 AD2d 907).  Nevertheless, "[a] public nuisance is actionable by a private person

only if it is shown that the person suffered special injury beyond that suffered by the community at large" (*532 Madison Ave. Gourmet Foods v Finlandia Center, Inc.*, 96 NY2d 280, 292, *rearg denied* 96 NY2d 938).  We conclude that defendant failed to meet its burden of establishing that the contamination of plaintiffs' private water wells did not constitute a special injury beyond that suffered by the public at large (*see Booth v Hanson Aggregates N.Y., Inc.*, 16 AD3d 1137, 1138).

We reject defendant's contention that the court erred in considering the opposing affidavits of plaintiffs' experts, i.e., a geography professor with 25 years of experience in researching historical waste management practices and water pollution, and an environmental attorney with over 35 years of experience in drinking water supply contamination litigation and enforcement of the Clean Water Act through employment with the United States Environmental Protection Agency between 1973 and 1986.  "It is within the sound discretion of the trial court to determine whether a witness [is qualified] as an expert[,] and that determination should not be disturbed 'in the absence of serious mistake, an error of law or abuse of discretion' " (*Saggese v Madison Mut. Ins. Co.*, 294 AD2d 900, 901, quoting *Werner v Sun Oil Co.*, 65 NY2d 839, 840).  Contrary to defendant's contention, "[t]he expert[s'] qualifications go to the weight rather than the admissibility of" the opinions in their affidavits (*Williams v Halpern*, 25 AD3d 467, 468).

Finally, we conclude that the court properly denied plaintiffs' cross motion for summary judgment on the issue of the source of the contamination.  The papers before the court on that issue "presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution" (*Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624).

Entered:  July 8, 2011                          Patricia L. Morgan
                                                Clerk of the Court