# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

863

CA 13-00217

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

RUTH ANN PANZICA, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MICHAEL R. FANTAUZZI, INDIVIDUALLY AND
DOING BUSINESS AS FANTAUZZI FUNERAL HOME,
FANTAUZZI FUNERAL HOME, DEFENDANTS-APPELLANTS,
AND VILLAGE OF FREDONIA, DEFENDANT.

---

LAW OFFICES OF LAURIE G. ODGEN, BUFFALO (DANIEL J. CAFFREY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

PHILLIPS LYTLE LLP, ROCHESTER (RICHARD T. TUCKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered May 3, 2012. The order denied the motion of defendants-appellants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Michael R. Fantauzzi, individually and doing business as Fantauzzi Funeral Home, and Fantauzzi Funeral Home is dismissed.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when she slipped and fell on an icy public sidewalk in front of defendant Fantauzzi Funeral Home (hereafter, funeral home), which is located in defendant Village of Fredonia (Village). Defendant Michael R. Fantauzzi, individually and doing business as Fantauzzi Funeral Home, is the owner of the funeral home. Michael R. Fantauzzi and the funeral home (collectively, defendants) moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, and defendants appeal. We reverse the order, grant defendants' motion, and dismiss the complaint against them.

"Unless a statute or ordinance '*clearly imposes liability* upon' an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk" (*Smalley v Bemben*, 12 NY3d 751, 752, quoting *Roark v Hunting*, 24 NY2d 470, 475). Here, there is no question that "the terms of the [Village] Code do not clearly subject landowners to such liability" (*id.; see* Fredonia Village Code §§ 240-3, 240-13).

Further, we agree with defendants that they established as a matter of law that they did not derive a special use from the public sidewalk and that plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Under the special use doctrine, a landowner whose property abuts a public sidewalk may be liable for injuries that are caused by a defect in the sidewalk when the municipality has given the landowner permission to "interfere with a street solely for private use and convenience in no way connected with the public use" and the landowner fails to maintain the sidewalk in a reasonably safe condition (*Zarnoch v Williams*, 83 AD3d 1373, 1374, *lv denied* 17 NY3d 708 [internal quotation marks omitted]). "A special use is typically characterized by the installation of some object in the sidewalk or street or some variance in the construction thereof" (*id.* [internal quotation marks omitted]; *see Guadagno v City of Niagara Falls*, 38 AD3d 1310, 1311). Here, defendants established that the sidewalk was unencumbered by the installation of any objects or by other variances in construction, and plaintiff submitted no evidence that "the sidewalk was constructed in a special manner for the benefit of the abutting owner or occupier" (*Schiavone v Palumbo*, 177 AD2d 1045, 1046 [internal quotation marks omitted]; *cf. Williams v Patrick*, 30 AD3d 1059, 1059-1060).

Finally, defendants established that their snow removal efforts "did not create or exacerbate a dangerous condition" on the public sidewalk (*Rak v Country Fair, Inc.*, 38 AD3d 1240, 1241 [internal quotation marks omitted]; *see also Williams*, 30 AD3d at 1060), and plaintiff failed to raise an issue of fact in opposition. A landowner whose property abuts a public sidewalk is liable for a dangerous condition on the sidewalk only if the hazard is created by artificial means, not by the natural accumulation of ice or snow on a public sidewalk (*see Rader v Walton*, 21 AD3d 1409, 1410). Mere speculation as to the cause of the icy condition is insufficient to raise an issue of fact (*see Romero v ELJ Realty Corp.*, 38 AD3d 263, 264; *Hall v Gaston*, 255 AD2d 1009, 1009), as are conclusory allegations of negligence (*see Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 338). Although plaintiff's submissions indicated the presence of ice on the sidewalk where she fell, there was no suggestion of the manner in which defendants allegedly created or exacerbated that icy condition. Plaintiff's theory seems to have been that the ice accumulated naturally as a result of winter conditions and that defendants failed to ameliorate the natural accumulation of ice. Plaintiff, however, has not raised a question of fact whether defendants created or exacerbated a dangerous condition inasmuch as she failed to establish that the hazard was created by artificial means (*see Rader*, 21 AD3d at 1410).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court