Nati v County Line Stone Co., Inc. (2024 NY Slip Op 06457)

Nati v County Line Stone Co., Inc.

2024 NY Slip Op 06457

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

804 CA 23-02046

[*1]GENE O. NATI, TRACY NATI, DANIEL HILL AND BRITTANY HILL, PLAINTIFFS-RESPONDENTS,
v
COUNTY LINE STONE CO., INC., ALSO KNOWN AS AKRON QUARRY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

COUCH WHITE, LLP, ALBANY (ALITA J. GIUDA OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE HOLZMAN PHOTIADIS & GRESENS LLP, BUFFALO (THOMAS D. LYONS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered October 13, 2023. The order denied the motion of defendant County Line Stone Co., Inc. to dismiss the first and third causes of action and to dismiss the second cause of action in part. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the third cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages arising from the destruction of their family home, allegedly due to the groundwater removal and blasting activities of defendant County Line Stone Co., Inc., also known as Akron Quarry (defendant). Plaintiffs' complaint asserts, inter alia, causes of action against defendant for negligence, private nuisance, and public nuisance. Defendant moved pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' negligence and public nuisance causes of action and to dismiss plaintiffs' private nuisance cause of action to the extent that it is premised on defendant's groundwater removal activities. Defendant appeals from an order that denied its motion.
Defendant contends that Supreme Court erred in denying its motion to the extent that it sought to dismiss the negligence cause of action as duplicative of the private nuisance cause of action. Although a cause of action that is "based on the same facts, alleges the same wrongs, and seeks the same relief as" another cause of action in a complaint is subject to dismissal on a motion pursuant to CPLR 3211 (a) (7) (Olney v Town of Barrington, 180 AD3d 1364, 1365 [4th Dept 2020]; see Drake v Village of Lima, 221 AD3d 1481, 1483 [4th Dept 2023]; Jakes-Johnson v Gottlieb, 200 AD3d 1679, 1680-1681 [4th Dept 2021]), here, plaintiffs' first and second causes of action are not based on the same facts and do not allege the same wrongs. Plaintiffs' first cause of action alleges that defendant's negligent removal of billions of gallons of groundwater, combined with its blasting activities, caused damage to their property. Plaintiffs' second cause of action alleges that defendant's intentional removal of billions of gallons of groundwater, combined with its blasting activities, substantially and unreasonably interfered with their use and enjoyment of the property. Thus, we conclude that the court properly refused to dismiss the negligence cause of action as duplicative of the intentional private nuisance cause of action (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]; see generally Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1106 [2d Dept 2022]; WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 832 [3d Dept 2021]).
Defendant further contends that the court erred in denying that part of its motion seeking [*2]dismissal of plaintiffs' second cause of action insofar as it alleges a private nuisance based on defendant's groundwater removal activities. A defendant "is subject to liability for a private nuisance if [their] conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977], rearg denied 42 NY2d 1102 [1977]). "An invasion of another's interest in the use and enjoyment of land is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from [their] conduct . . . , or becomes aware that the conduct is causing substantial interference and nevertheless continues it" (WFE Ventures, Inc., 197 AD3d at 831 [internal quotation marks omitted]).
Here, plaintiffs allege that defendant intentionally engaged in groundwater removal activities that resulted in the condemnation of plaintiffs' family home. In addition, plaintiffs allege that defendant was aware that its activities had caused damage to multiple properties in the vicinity and that it had purchased several of the damaged properties as a result. Thus, "accept[ing] the facts alleged in the . . . complaint as true, accord[ing] plaintiff[s] the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory," we conclude that the court did not err in denying that part of defendant's motion seeking dismissal of plaintiffs' second cause of action insofar as it alleges a private nuisance based on defendant's intentional conduct with respect to groundwater removal (William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d 1223, 1224 [4th Dept 2024] [internal quotation marks omitted]).
We agree with defendant, however, that the court erred in denying its motion insofar as it sought to dismiss plaintiffs' third cause of action, alleging a public nuisance. "[A] public nuisance consists of a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (id. [internal quotation marks omitted]). "A public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large" (id. [internal quotation marks omitted]).
To the extent that plaintiffs' public nuisance cause of action is premised on their allegation that defendant's blasting and groundwater removal activities have damaged "multiple other properties along [nearby roads]," plaintiffs failed to allege a special injury that differs in kind rather than degree from that suffered by the community at large, inasmuch as plaintiffs' claimed harm also consists of property damage (cf. Leo v General Elec. Co., 145 AD2d 291, 294 [2d Dept 1989]; see generally 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [2001]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 334-335 [1983]; Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 15-16 [3d Dept 2021]). Conversely, to the extent that plaintiffs' public nuisance cause of action rests upon their allegation that defendant's blasting and groundwater removal activities have rendered nearby water wells nonfunctional, we note that plaintiffs failed to allege that they suffered a special injury related to water wells (cf. Baity v General Elec. Co., 86 AD3d 948, 951 [4th Dept 2011]; Booth v Hanson Aggregates N.Y., Inc., 16 AD3d 1137, 1138 [4th Dept 2005]). Therefore, we modify the order by granting that part of the motion seeking to dismiss the third cause of action.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court